## W. A. McKinney et al. v. T. Windsor Robinson, Judge, etc.

### No. 7185.

1. **Fees of County Treasurer—County Scrip.**—A county treasurer is not entitled to commissions on county scrip received by him from the tax collector in payment of county taxes and by him turned over to his successor. Such scrip should be reported to the County Commissioners Court for cancellation, for which reporting no fee is allowed.

2. **Same—Court House and Jail Bonds.**—Nor is the county treasurer entitled to commissions as upon money disbursed upon court house or jail bonds executed by the county and delivered in payment for such buildings.

3. **County Treasurer.**—The county treasurer is the custodian of the funds of the county. The County Commissioners Court had no authority to direct that the county treasurer deposit the county funds in any named bank. Nor would such order when executed and the funds lost by the failure of the bank, protect the treasurer. Nor would an order of such Commissioners Court relieving the treasurer from liability have the effect of satisfying the obligation of the treasurer and his sureties for the county funds received by him.

4. **Limitation—Suit on Bond of County Treasurer.**—In an action against the county treasurer and his sureties for county funds withheld by him, the suit being upon the bond, limitation of four years applies—limitation from the date of each conversion. See facts.

5. **Case Limited.** — Wharton County v. Ahldag, ante, p. 12, limited, and held that the question as to right to commissions on county scrip taken in payment of taxes was not involved.

APPEAL from Wilbarger.    Tried below before Hon. G. A. BROWN.
No statement is necessary.

*Wheeler & Maghee, Joe Hall,* and *Walters, Huff & Wells,* for appellants.

1.  The treasurer is entitled to 2½ per cent on all moneys paid out on scrip, and the petition should show that commissions which plaintiff sought to recover back did not include those allowed by law.    Rev. Stats., art. 2403.

2.   The cause of action is the retention in the hands of the treasurer of certain alleged illegal commissions charged by the treasurer and the loss of certain moneys deposited in the bank, and not an action based upon the bond, but secured by it.    The statute of two years limitation applies, and begins to run from the date of the conversion of each item.    Rev. Stats., arts. 3203, 3204; The Governor v. Burnett, 27 Texas, 32; Wood v. Hoffman, 64 Texas, 98; Railway v. Tarrant County, 4 Texas Law Rev., 22.

3.   The burden is on the party seeking to go behind a settlement to show fraud, accident, mistake, or ignorance, and he must allege and prove the facts constituting the same.    Barkley v. Tarrant County, 53 Texas, 251; Railway v. Snelling, 59 Texas, 116; 1 Story Eq. Jur., 12 ed., secs. 23, 95, p. 528; 2 Pome. Eq. Jur., secs. 820, 871.

4.   The law will not treat county scrip as money in payment of taxes, and then, to defeat the officers, who are compelled to take it out of their commissions, recognize it only as an indebtedness on which no commissions can be charged.    If money for the one purpose should be considered, so for the other..    Rev. Stats., art. 3106; Beard v. City of Decatur, 64 Texas, 7;  Bastrop County v. Hearn, 70 Texas, 563;  Robertson v. Breedlove, 61 Texas, 317.

5.   The court erred in its conclusions of law in holding that defendant McKinney is not entitled to commissions on the face value of the bonds issued by the county for the purpose of borrowing money with which to build the court house and jail:

(1)  Because such bonds can be issued only for the purposes of borrowing money.

(2)  Because a county treasurer has a property right to the fees of his office and is entitled to a commission on the moneys received by the county from whatever source derived.

(3)  Because the Commissioners Court can not thus indirectly do that which they can not do directly, viz., borrow money to build the court house and jail by swapping interest-bearing bonds to the contractor for the work on the public buildings of the county.

(4)  Because when these bonds were thus issued and delivered to Strain, Risely & Swinburne, they were sold by the county; and the defendant McKinney, as county treasurer, was entitled to his commissions on their face value, which commissions were allowed in a settlement

with the Commissioners Court, with a full knowledge of the facts. Rev. Stats., arts. 994, 995; Acts 19th Leg., p. 56, sec. 1; Acts 17th Leg., p. 5, chap. 9, sec. 1; Bastrop County v. Hearn, 70 Texas, 563.

6.   The county treasurer is sole receiving and disbursing officer of the county, and the County Commissioners Court can not defeat his right to commissions on bonds, issued for the purpose of raising revenue to build a court house and jail, by placing the bonds in the hands of others to receive the money for which they may be negotiated, whether said bonds be issued direct to such person and to their order and in the payment of the contract price of the court house and jail, or simply payable to bearer.   Bastrop County v. Hearn, 70 Texas, 563; Beard v. City of Decatur, 64 Texas, 7; Wall v. McConnell, 65 Texas, 397; Trinity County v. Vickery, 65 Texas, 554.

7.   The county commissioners have general supervising power over the finances of the county, and it is the duty of the county treasurer to pay and apply the moneys belonging to the county, in such manner as the Commissioners Court of his county may require and direct. Rev. Stats., arts. 14, 15, 967, 969, 977, 994; Birdsall v. Supervisors, 4 Wend. (N. Y.), 453.

*McCall & Britt Bros., E. Easton,* and *Elliott & Sitterly,* for appellee.—

1.   An officer in accepting an office does so with a full knowledge of the duties and responsibilities of such office; as well those duties to be performed without recompense, as those for which he is to be paid.   Rev. Stats., arts. 996–1000.

2.   Under the law of this State, a county treasurer is entitled only to such fees and commissions as are prescribed by the statute, to-wit: "On all money belonging to the county which has been or ought to have been received and paid out by him as county treasurer."   County scrip taken in on taxes by the county collector and cancelled by order of the Commissioners Court, court house and jail bonds sold, as was done in this case, for erecting county court house and county jail, do not come within the definition of money as used in the statute referred to above.   Rev. Stats., art. 2403; Const., art. 16, sec. 44; Bastrop County v. Hearn, 70 Texas, 563, and cases cited; Fawcett v. Woodbury County, 35 Iowa, 154.

3.   The action of a County Commissioners Court in auditing and allowing or attempting to audit and allow claims of a county treasurer for scrip received by collector of county tax, and the allowance of county treasurer's commissions on court house and jail bonds paid to contractors by the county, as was done in this case, for erection of jail and court house, as well as their action in allowing credit to county treasurer for the money lost by him in the bank, is subject to correction for mistake or fraud; and the action of the Commissioners Court

as had in this case would be ultra vires and could not bind the county, and would be void, and does not estop the county in this suit for suing and recovering said sum so unlawfully allowed. Rev. Stats., art. 994; Wall v. McConnell, 65 Texas, 397; Id., 554; 4 Am. and Eng. Encyc. of Law, 389, and notes; Groble v. Roderick, 25 Neb., 629; 41 N. W. Rep., 404; 1 Am. and Eng. Encyc., art. 6, and notes p. 113.

4.   A county treasurer is the sole custodian of all moneys belonging to a county, and any orders made by a Commissioners Court, or other, concerning the care or control of such county money is a nullity. Rev. Stats., art. 994; Fawcett v. Woodbury County, 35 Iowa, 154; 25 Neb., 629; Boggs v. The State, 46 Texas, 10.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellee, who was the county judge of Wilbarger County, brought this suit on October 31, 1888, against the appellant, who was the county treasurer of said county, and the sureties on his official bond, to recover certain money alleged to have come into the hands of said treasurer after February 10, 1885, and before November 20, 1886, and which he was charged with unlawfully withholding from the county and converting to his own use.

The charges he was alleged to have unlawfully made against the county and money withheld by him consisted of:

1.   Commissions on county scrip received by the tax collector of Wilbarger County in payment of county taxes and turned over and delivered to said McKinney as treasurer.

2.   Commissions on court house and jail bonds issued by the Commissioners Court of Wilbarger County to pay for the building of a court house and jail in said county.

3.   Six hundred and forty-eight dollars and thirty-six cents alleged to have been deposited by said treasurer in bank and not accounted for or paid over by him.

The defendants answer by general denial and special answer, charging that during McKinney's said term of office he made reports of moneys received and paid out by him, and quarterly settlements with the Commissioners Court of all debits and credits existing between him and said county; and on November 30, 1886, he turned over to himself, as his own successor, all moneys in his hands as such treasurer; that the money was deposited in bank by order of said court, and that he accounted to said court for said deposit and was given credit therefor; that the said court recognized his right to commissions on said court house and jail bonds, and had in settlement with him allowed the same.

The cause was tried by the court without a jury, and judgment was rendered against appellant for the amount claimed. This appeal is prosecuted therefrom.

Several assignments of error, in proper form, raise the question of the correctness of the finding of the court, that the appellant was not entitled to commissions on the county scrip received by him from the collector and delivered to his (appellant's) successor; and the further finding, that he was not entitled to the commissions on the amount of the bonds delivered by him to the contractors, which the county had issued for the purpose of erecting a court house and jail; also the court's conclusion, that the appellant was liable for the amount of the county funds by him deposited in the Wichita Exchange Bank.

These assignments present the material questions involved on this appeal.

There is no statement of facts in the record. But it appears from the findings of fact by the court, that appellant was elected county treasurer for Wilbarger County, in November, 1884; that the bond sued on was executed on February 9, 1885, and approved on the 10th of February, 1885; that appellant entered upon the duties of and held the office until the general election in 1886, at which time he was elected his own successor, and on the 20th day of the same month gave a new bond. That from time to time, after February 10, 1885, and before November, 1886, the tax collector of the county received in payment of county taxes county scrip aggregating $4076.85, which he turned over to appellant as county treasurer, who entered the same on his books on the debit and credit sides thereof, as so much money received and paid out by him, for which he charged the county 5 per cent commission. The total commissions charged on the scrip turned over to appellant by the tax collector was $203.05, of which sum the Commissioners Court had allowed him $103.05 as such commissions.

On the 15th of May, 1885, the Commissioners Court ordered appellant to deposit all county funds in the Exchange Bank of Wichita Falls. This order he complied with. The bank failed; there being $648.36 of the funds deposited, none of which was collected by appellant. On the 14th of May, 1886, the Commissioners Court, by an order, allowed him a credit for this sum.

On the —— day of ————, 18—, the Commissioners Court of Wilbarger County contracted with Strain, Risely & Swinburne for the building of a jail in said county to be paid for in jail bonds of the county; and thereafter the court caused to be issued such bonds to the amount of $8088, payable to the order of said Strain, Risely & Swinburne, with interest coupons attached.

Again, to-wit, on the 13th of April, 1886, the Commissioners Court contracted with the same parties, Strain, Risely & Swinburne, to build a court house to be paid for in bonds of said county, which the contractors agreed to accept at par; and thereafter said court caused to be issued court house bonds of the county to the amount of $20,000, pay-

able to the order of said Strain, Risely & Swinburne, with interest coupons attached.

Under instructions from the Commissioners Court, McKinney, as treasurer, registered the court house bonds and jail bonds above mentioned and delivered them to the said Strain, Risely & Swinburne, who accepted them in payment for said court house and jail, and thereupon McKinney charged to the county on his book $2\frac{1}{2}$ per cent commission on the fund.

The conclusions of law found by the court were:

"1. That the appellant was not entitled to commissions under the law on county scrip received by him from the tax collector in payment of county taxes, and by him turned over to his successor.

"2. That he was not entitled to commissions on court house and jail bonds issued by the county to contractors in payment for the erection of a court house and jail, and which were registered by the treasurer and by him delivered to such contractors.

"3. That the order of the Commissioners Court directing the deposit of $648.36 in the Wichita bank by the treasurer, and the order of said court releasing him from liability for that sum, were void."

The exceptions to the petition were properly overruled. The petition alleges with sufficient certainty the amounts retained by the defendant in his hands as commissions. They are alleged to consist of the sum of $203.05, charged by him as commissions on the county scrip received from the tax collector, and $702.20 commissions on the court house and jail bonds delivered by him to Strain, Risely & Swinburne, contractors, etc., and the sum of 648.36 deposited in the Exchange Bank of Wichita Falls, and which sum he had not collected. Each of the foregoing sums, it was alleged, appellant unlawfully withheld from the county and converted to his own use.

The court correctly found, as a conclusion of law, that the appellant was not entitled to commissions on scrip received by him from the tax collector in payment of county taxes, and by him turned over to his successor. This scrip had performed all of its functions as money when it was paid to the collector by the taxpayer, and it was not received by the treasurer as money belonging to or constituting a part of the county funds in any sense. It was received by him as a redeemed obligation of the county, to be reported for cancellation to the Commissioners Court. The law nowhere contemplates that he shall turn over county scrip thus received by him to his successor as money. If it did, it also expressly provides that even for money turned over to his successor he is not entitled to commissions. Rev. Stats., art. 2404.

The county issued for the purpose of building a court house and jail its bonds to the extent of about $28,088, which bonds appellant as county treasurer registered and delivered to the contractors, Strain, Risely & Swinburne. It is contended by appellant, that he was entitled

to commissions on these bonds according to their face value, in the same manner as if he had made a payment of that sum of money to said contractors.

We do not understand that these bonds were issued by the county and delivered by the treasurer as money, or that they were disbursed as such, although they may have been received by the contractors in payment of their services. They were not issued nor paid out as nor intended to be a circulating medium. They constituted the evidence of the county's indebtedness, and were obligations of the county to be redeemed and paid according to their stipulations at some future period. If these bonds had been converted into money while in the hands of the county, and the proceeds paid out, the appellant would have been entitled to his commissions for such disbursement, and his right to such commissions would not have been affected by the fact that the bonds were sold by the county judge or any other person for the county. But the delivery of the bonds to the contractors is not a payment or disbursement of county funds. It would be no more so than the delivery to them of the county's promissory note, or other form of pecuniary obligation. Had the county executed its promise to pay in any other form a specified sum at a future date, it could not be contended that upon its delivery by the treasurer he would be entitled to commissions on it as for money paid out. If appellant is entitled to such commission, then when it is presented for redemption he would be entitled to commissions on the face of the bonds as for money received, and in redeeming the bonds he would receive commissions on the money paid out by him for that purpose. We do not think he is entitled to commissions on the face of the bonds delivered by him to the contractors. When they mature and are presented for redemption he receives the commissions on the money paid out by him to redeem them, as in any other instance of the disbursement of county funds. The money he has paid out in redeeming the bonds he is entitled to commissions on also, when it came into his hands, as for money received—article 2403 allowing him commissions for disbursing and receiving "moneys."

We do not think that the order of the Commissioners Court directing the appellant to deposit the county funds in the Wichita bank afforded him protection or released him from liability for the amount lost through the failure of that bank.

If the right of the Commissioners Court is recognized to determine that any bank or individual shall be the depository of the money belonging to the county, and to direct its deposit with such person or in such bank, it must follow that that court is the custodian of such county funds, and the law designating a custodian thereof is inoperative. The county treasurer is by law made the custodian of the moneys belonging to the county, and "the deposit elsewhere of such funds are

unauthorized, unsecured, and ought not to be made." Wall v. McConnell, 65 Texas, 401. For the security of these funds he is required to execute the character of bond sued on. In the case cited it was held, that the money constituting county funds could not be deposited elsewhere than with the county treasurer. He can not be deprived of any commissions or emoluments growing out of the fact that he is the lawful custodian of such funds. Neither ought he to be exempted from the liability which results from that fact.

We do not think that the allowance from the Commissioners Court of the sums mentioned, as commissions and credits to appellant, which were not recognized and authorized by law, would entitle him to the same. That court has the power to direct the application and payment, as required by law, of county moneys in the hands of the treasurer. Rev. Stats., art. 994. So, too, it may allow and credit his account, with accompanying vouchers, of moneys received and disbursed by him as may be provided by articles 2403 and 996. But the law does not permit a diversion of the funds of the county by that tribunal from those purposes which the statute declares they shall be applied to; and the authority to do this would be recognized, if that court can direct the treasurer to make any other disposition of county funds than the law provides or contemplates.

The effect of the orders of the court relied on by appellant would be to relieve him from liability to the county. This the court has no power to do. 4 Am. and Eng. Encyc. of Law, 389, note 6. And it would be giving him compensation not allowed by the statute. Article 2403 regulates the compensation of the county treasurer. He can only claim such as is expressly allowed. If he is credited with commissions except as provided, the effect would be to allow him indirectly fees not prescribed by statute.

This is a suit for the breach of the county treasurer's bond. Its breach consists of the alleged conversion of certain funds as before explained, and the statute of limitation of four years we think applies to it, and none of the amounts found to have been converted would be barred.

The suit was brought October 31, 1888. The amended petition was filed April 11, 1889. The court found, that after February 10, 1885, and prior to November, 1886, appellant credited himself with commissions amounting to $203.05 on the scrip received. On May 14, 1886, appellant reported the loss of the $648.36 deposited in the bank on May 15, 1885. On April 13, 1886, appellant appropriated the commissions, amounting to $702.20, on the county bonds delivered by him to the contractors. It does not appear that four years have elapsed from the conversion of any one of these sums up to the institution of the suit on the bond or the filing of the amended petition.

The seventh assignment of error is well taken. The judgment should not be for $1860.50 with interest from November 20, 1886. It should be only for $1553.61, with such interest.

As thus reformed we think the judgment should be affirmed.

*Reformed and rendered.*

Adopted May 3, 1892.

*Walton, Hill & Walton,* for motion for rehearing.

### ON MOTION FOR REHEARING.

STAYTON, CHIEF JUSTICE.—After further examination of the questions involved in this case, we see no reason to doubt the correctness of the rulings made by the Commission of Appeals in the former disposition of the case. But we desire to say, that in the case of Wharton County v. Ahldag, decided at the last Galveston Term (ante, p. 12), the question whether a county treasurer was entitled to commissions on county scrip taken in payment of taxes by a tax collector was not involved; for the question in that case was whether the treasurer was entitled to commissions for turning over such scrip, as for money disbursed; and what was said in the opinion in that case on the right of a treasurer to have commissions on scrip taken in for taxes must be considered obiter.

The motion for rehearing will be overruled.