BAYLOR COUNTY v. ANDREW TAYLOR.

No. 207.

**County Treasurer — Commissions on Bridge Bonds.** — A county treasurer is not entitled to commissions on bonds issued by the county and delivered directly to the contractor in payment of a bridge built for it, the bonds never having been sold and the proceeds thereof received by the county.

APPEAL from Baylor.   Tried below before Hon. W. R. McGILL.

*S. I. Newton* and *Marvin Turner*, for appellant.—A county treasurer, to be entitled to commissions for receiving and disbursing money, must actually receive and disburse the money. The bridge bonds were turned over to the contractors, and no money was ever received or disbursed on them by appellee. Rev. Stats., art. 2403; Wall v. McConnell, 65 Texas, 397.

No brief on file for appellee.

HEAD, Associate Justice.—This case was decided in the court below upon the following agreement as to the facts:

"That at the general election held on the first Tuesday in November, 1888, Andrew Taylor was duly and legally elected county treasurer of Baylor County, Texas, and qualified and assumed the duties of said office within the time required by law thereafter, and was the duly and legally elected, qualified, and acting county treasurer from said time until the 14th day of November, 1890.

"That prior to plaintiff's election as county treasurer aforesaid, Baylor County had issued, and by and through its county judge and Commissioners Court sold, court house bonds of said county for cash to the amount of $13,000. That the proceeds of said bonds were placed by the said county judge and Commissioners Court in the Exchange Bank of Wichita Falls, Texas, to be paid out to the contractor for a court house on the order of said judge. That at the time said money was placed in said bank, and up to the election of plaintiff as county treasurer, Baylor County had a duly elected, qualified, and acting treasurer. That while the said funds were in said bank, and before the election of plaintiff to said office of county treasurer, said bank failed. That Baylor County immediately brought suit for said money, and on the 21st day of January, 1889, during plaintiff's term as treasurer, recovered and received of said money from said bank $12,103.45, and the same was placed in a bank, payable to the order of county treasurer of Baylor County. That on divers days between January 21, 1889, and the 1st day of May, 1889, plaintiff, by virtue of orders of the Commissioners Court, paid out and

disbursed said funds. That at the May Term, 1889, of the Commission-ers Court of Baylor County, the plaintiff made his quarterly report and statement, showing the condition of said fund, and therein claimed a commission of $2\frac{1}{2}$ per cent for receiving and $2\frac{1}{2}$ per cent for disbursing said money. That the Commissioners Court allowed him only a commission of $2\frac{1}{2}$ per cent for disbursing said fund, which amount plaintiff then received and accepted; and said court disapproved and rejected his account for the balance claimed. That he has never been paid but $2\frac{1}{2}$ per cent on (or one-half of) that account.

"That prior to the 4th day of September, 1890, to-wit, on the —— day of ————, 1890, the Commissioners Court of Baylor County made a contract with the G. E. King Bridge Company to erect a bridge in said county at the agreed price of $13,950, payable in bridge bonds of said county. That on September 4, 1890, said bridge having been completed, by order of the Commissioners Court of said county, there was issued to said bridge company bridge bonds of said county to the amount of $13,950, said bonds being the face value of and otherwise answering the description given in plaintiff's petition. That on the date of the issuance of said bonds they were duly registered by the county treasurer of said Baylor County, and by order of the Commissioners Court delivered to said George E. King Bridge Company, to whom they were issued and made payable. That on the 12th day of November, 1890, the plaintiff presented his account to said Commissioners Court of Baylor County, claiming a commission of $2\frac{1}{2}$ per cent for receiving and $2\frac{1}{2}$ per cent for paying out and disbursing the sum of $13,950, claiming in the aggregate $697.56 for receiving and disbursing said bridge fund. That said account and claim was rejected by said county in toto, and no part of the same has ever been paid. That Baylor County has never actually received as proceeds of said bonds any currency or money, and has only received as such proceeds a bridge. That plaintiff delivered to said bridge company said bridge bonds, but at no time did he or the defendant pay said bridge company any money.

"That the Commissioners Court of Baylor County had not at any time prior to the presentment of either of said above claims, and have not at any time since, made any order fixing the rate of commissions or fees of the county treasurer of Baylor County. That they always allowed plaintiff, except on the two claims herein before set out, $2\frac{1}{2}$ per cent for receiving and $2\frac{1}{2}$ for disbursing all money. That plaintiff, as treasurer of said Baylor County, was always ready and willing to receive and disburse all county funds. That plaintiff did not receive and would not have received, had both of the foregoing claims for commissions been fully paid, as much as $2000 in fees and commissions for any year while he held said office of county treasurer."

The jury, in compliance with the charge of the court, found against

appellee for the $302.58, claimed as commissions for receiving $12,103.45 proceeds of court house bonds, and found in his favor for the $697.50 claimed as commissions for receiving and disbursing the bridge bonds. Judgment was rendered upon this finding, from which Baylor County appealed, and the appellee also filed cross-assignments of error, but has filed no brief insisting upon them in this court.

*Opinion.*—The only question presented by this record is, as to whether or not a county treasurer is entitled to commissions on bonds issued by the county and delivered directly to the contractor in payment of a bridge built for it, the bonds never having been sold and the proceeds thereof received by the county. This question is fully considered and decided adversely to the treasurer in the case of McKinney v. Robinson, 84 Texas, 489; and upon the authority of that decision, it is ordered that the judgment of the court below be reversed and here rendered in favor of appellant.

This court heretofore arrived at the same conclusion in the case of McDonel v. Callahan County, decided April 6, 1893 [ante, p. 138].

*Reversed and rendered.*

Delivered June 21, 1893.