## BEXAR COUNTY v. McASKILL. (No. 7291.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1925. Rehearing Denied March 11, 1925.)

1. **District and prosecuting attorneys** ⟨⊜⟩5(6) **—District judge held without authority to approve account of district attorney.**

Rev. St. art. 3895, requiring district attorney to make to district court a sworn statement, showing amount of fees collected, etc., does not give district judge authority to approve or take any action on such report.

2. **Judgment** ⟨⊜⟩560**—District court's approval of account of district attorney not res judicata in suit by county to recover fees.**

The approval by district judge of account of district attorney as to appropriation of fees does not, in view of Vernon's Ann. Pen. Code 1916, art. 113b, have dignity of a solemn judgment which cannot be attacked in proceeding by county attacking legality of account and seeking to recover such fees; nor is the approval res judicata in such a proceeding.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

---

Action by the County of Bexar against D. A. McAskill. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

T. J. Newton, of San Antonio, for appellant.

W. S. Anthony and O. B. Black, both of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee, the district attorney of the Thirty-Seventh judicial district of Texas, to recover $3,903.64, for fees collected by him and appropriated, which were claimed to be the property of appellant. After hearing the evidence, the following judgment was rendered:

"On this the 3d day of May, 1924, came on to be heard the above entitled and numbered cause, and the general demurrer of the defendant having been heard and overruled, and the special exceptions of the defendant having been heard and overruled, the plaintiff and defendant having appeared by their attorneys and the evidence having been offered by the plaintiff and by the defendant, and the court having heard the same and having heard the argument for the plaintiff and defendant upon the law and the evidence in the case, the court is of the opinion that the judgment prayed for herein could not be rendered without making a collateral attack on what this court has deemed to be a judgment of the Thirty-Seventh district court.

"It is therefore ordered, adjudged, and decreed that the plaintiff take nothing by its suit and that the defendant have and recover of and from plaintiff all costs in this behalf expended, for which execution may issue. This decree, however, is without prejudice to any rights plaintiff may have to proceed in the Thirty-Seventh district court for the relief herein prayed for by plaintiff."

In the second paragraph of the judgment it is decreed that appellant could not recover because a judgment of recovery would be "a collateral attack on what this court has deemed to be a judgment of the Thirty-Seventh district court," and the last clause is virtually a dismissal of the suit without prejudice to appellant.

It appears from the record that after the suit, now being considered, was filed in the Seventy-Third district court, appellee filed an amended statement of his "final account for the year beginning December 1, 1922, and ending December 31, 1923," and the judge of the Thirty-Seventh district court entered the following order:

"It is hereby ordered, adjudged, and decreed by the court that the original annual account be and is hereby amended so as to read as set forth in the foregoing, and the clerk of this court is hereby directed to file same as part of the records of this court."

The amended statement was filed in the Thirty-Seventh district court on April 14, 1924, and was intended as an amendment of an account filed on January 31, 1924, and was evidently obtained to be used against the pending case in the Seventy-Third district court. The trial court did not pass on the facts of this case nor apply the law thereto, but merely decided the cause on the ground of res adjudicata. It is stated in the brief of appellee, after setting out his construction of the statutes cited by him and his contentions under the same:

"Judge Anderson in his decree (herein copied) found this to be a correct interpretation of the law, and Judge Terrell, in his decree, found the same to be a correct interpretation of the law."

In his order approving the amended statement of appellee's account, Judge Anderson, of the Thirty-Seventh district court, did not pass on any interpretation of any statute of the state, and neither did Judge Terrell. The latter did not attempt to hold that Judge Anderson's approval of the account was correct, but merely that he had obtained jurisdiction of the cause and decided it. In neither particular was the judgment of the Seventy-Third district court correct. The Thirty-Seventh district court had not obtained jurisdiction of the cause pending in the trial court from which this appeal was perfected, nor had the former court attempted to decide the issues in this cause. In the first named court the account, in an ex parte proceeding, was approved by an order entered on it by a district judge, and no judgment was ever entered on the minutes of that court. There is no evidence that any one had notice of the presentation of the account, but in an ex parte proceeding an order to file the account is made by a district judge which was given such force and dignity by a district court as to oust its own jurisdiction of the case before the ousting order was made. The order of the district judge who approved the amended account did not pretend to be based on any law, but merely on the testimony of an employee who made clear "the actual and clear meaning of said original annual account."

[1, 2] No authority is given a district judge to take any action on any report required of a district attorney or other officer; the only provision of Rev. St. art. 3895, being that he "shall, at the close of each fiscal year, make to the district court of the county in which he resides a sworn statement showing the amount of fees collected by him during the fiscal year, and the amount of fees charged and not collected, and by whom due, and the number of deputies and assistants employed by him during the year, and the amount paid, or to be paid each." There is no direct authority in the statute for the approval or disapproval by the district court of the statement, and certainly there is nothing in the law that would give to the approval of the account the dignity of a solemn judgment of the court which could not be attacked or inquired into in a proceeding attacking the legality of the account. No such intention upon the part of the lawgivers can

be obtained from the statute. No authority is given to the district court by the statute to try the legality of the account when it is made by the officer, and the district court of the Thirty-Seventh judicial district had no authority to render an ex parte order which would prevent the county from inquiring into the validity and legality of the appropriation of fees of office by the district attorney.

The only judgment of the judge of the Thirty-Seventh district court was that the original account be amended and that the amendment be filed as a part of the records of the court. The judge had no authority to pass upon such reports, for it is made his duty to charge the grand jury at the session of the district court next succeeding the 1st day of December, which until the Thirty-Seventh Legislature made it January 1, was the end of the fiscal year, that it was their duty to make a report on such accounts as to fees of officers to the district court, at the conclusion of the session of the grand jury. Article 113b, Vernon's Ann. Penal Code. The filing of the account by the district judge, even though he had pronounced it correct, could not make an illegal account, if it was illegal, valid and legal, and could not preclude the county from suing for and recovering the fees if entitled to them. McKinney v. Robinson, 84 Tex. 489, 19 S. W. 699; Slaughter v. Knight (Tex. Civ. App.) 184 S. W. 539; Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291.

The judgment is reversed and the cause remanded for a trial on the merits.