THROCKMORTON COUNTY ET AL. v. MRS. LOLA THOMPSON ET AL.

No. 7179.   Decided May 4, 1938.
Rehearing overruled June 8, 1938.
(115 S. W., 2d Series, 1102.)

*D. T. Bowles,* of Breckenridge, and H. F. *Grindstaff,* of Rotan, for plaintiff in error.

*John Lee Smith,* of Throckmorton, *Rube Loftin* and *John Davenport,* all of Wichita Falls, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

Throckmorton County filed suit against Mrs. Lola Thompson, its county treasurer, and the sureties on her bonds, for the sum of $1826.56, alleged to have been overdrawn during the years 1929 to 1934, inclusive, by her without warrants, in excess of the amounts fixed by orders of the commissioners' court as to her annual compensation. The case was tried to the court, and judgment was rendered for the defendants. On appeal to the Court of Civil Appeals at Eastland, the judgment of the trial court was affirmed. 96 S. W. (2d) 826.

Plaintiffs in error contend that the Court of Civil Appeals erred in holding that the orders entered by the Commissioners' Court of Throckmorton County, fixing the compensation of the county treasurer, were void.

The material parts of the orders entered by the commissioners' court, fixing the compensation of the county treasurer are as follows: On January 14, 1929, the commissioners' court "ordered that the County Treasurer's salary be and is hereby set at 2-1/2% commission for receipts and 2-1/2% for disbursements, and not to exceed $1600 for the year." On January 12, 1931, an order purporting to cover the time from January 1, 1931, to December 31, 1932, inclusive, provided that the treasurer's commission should "be such commission of the amount of funds he may receive and disburse as when added to the commissions he receives on the school funds and the commission he has already received on other funds as will aggregate him a total of $1600 per annum and in no event shall his commission from all sources amount to more than $1600 per annum." On January 2, 1933, it was also provided that the county treasurer "be allowed and paid lawful commissions on receipts and disbursements for the ensuing year not to exceed the total amount of *$1200 per annum until otherwise ordered by the court.*" (Italics ours.) On January 8, 1934, another order was entered, identical with the next preceding order, except that it specified the sum of $1260 instead of $1200. The trial court held that the order of the commissioners' court dated January 12, 1931, fixing the compensation of the treasurer for the years 1931 and 1932 at the sum of $1600 per annum, was void.

The evidence is undisputed that Mrs. Thompson drew the sum of $1826.56 in excess of the amounts allowed her as compensation in the foregoing orders of the commissioners' court.

Article 16, Section 44, of the Constitution of Texas provides for the election of a county treasurer for each county, and provides that such officer "shall have such compensation as may be provided by law."

Article 3941, Vernon's Annotated Texas Civil Statutes, reads as follows: "The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Article 3942 of the Revised Civil Statutes provides that the county treasurer shall be allowed one-half of one per cent. for disbursing the available school funds of the county; and Article 3943 provides that "the commissions allowed to any county treasurer shall not exceed $2000 annually."

1 The order of the commissioners' court fixing the compensation of the county treasurer of Throckmorton County on a commission basis for a maximum amount of less than that fixed by statute is a valid exercise of authority conferred on such court by the Constitution and statutes of this State. See Article 16, Section 44, of the Constitution; Articles 3941, 3942, and 3943, Revised Civil Statutes.

In the case of Shaw v. Smith County, (Com. App.) 29 S. W. (2d) 1000, 70 A. L. R. 1046, the Commissioners' Court of Smith County entered an order, similar to the one before us here, fixing the compensation of the treasurer of that county at a sum not to exceed $960 per annum, based on commissions on receipts and disbursements, for the ensuing year. The treasurer of Smith County sought to recover more than that amount, and asserted that the order was void. The case finally reached this Court; and after reviewing the provisions of the Constitution and statutes, and the decisions relating thereto, the order entered by the Commissioners' Court of Smith County involved in that case was held valid.

It is further contended that the Court of Civil Appeals erred in holding that the approval of the quarterly reports of the county treasurer by mere formal orders concludes the commissioners' court from requiring an accounting of the county treasurer when the county treasurer draws commissions in excess of the amounts fixed by the orders of the commissioners' court.

The county treasurer is not under the fee system, and is required to file quarterly reports, as provided by statute. See Articles 1617, 1634, and 1636 of the Revised Civil Statutes. In this instance Mrs. Thompson does not contend that the amount overdrawn was due her as additional compensation for services rendered, or that she was entitled to such amount; but she contends that, due to the fact that she had drawn warrants for the various sums, which warrants had been described in her quarterly reports, and which reports had been approved by the commissioners' court, the county was estopped from denying the correctness of her claim. The treasurer drew her own warrants, at irregular intervals, and same were included in the lists of warrants approved by the commissioners' court.

The trial court found that Mrs. Thompson drew said warrants herself, without the approval of anyone, and that said warrants were never presented to the commissioners' court for approval. It also found that she presented her quarterly reports from time to time, but did not make a demand or claim for additional compensation beside that fixed by the orders of the commissioners' court; that she merely filed her quarterly reports, and same were approved by the commissioners' court. The trial court also found that the approval of the reports of the treasurer by the commissioners' court were judicial acts, and concluded the county from a recovery.

2 That the commissioners' court had the authority to adopt the foregoing orders is well settled. Article 2351, Revised Civil Statutes; Shaw v. Smith County, supra; Ehlinger v. Clark, 117 Texas 547, 8 S. W. (2d) 666; 11 Tex. Jur., p. 563 et seq.

It is quite plain that the commissioners' court intended to, and did, definitely fix the amount of compensation to be paid the county treasurer for the years mentioned in the orders adopted by that court. It will be noted that the compensation varied from year to year, as designated in the orders, and in one of the orders it was recited that such sum should be paid the treasurer *"until otherwise ordered by the court."* No appeal was made from such orders. It is also quite plain that the mere approval of the quarterly reports made by the county treasurer, as provided for in Article 1636, was no indication that the commissioners' court intended to change the amount of the compensation so fixed in the orders adopted. The approval of her quarterly reports clearly would not waive the county's right to question the correctness of the reports relating to her compensation. If she had failed to collect the amount due her, the county could not refuse to pay the correct amount because she had by mistake

not listed the correct amount nor collected it. Greer v. Hunt County, (Com. App.) 249 S. W. 831. If that be true, the county certainly can assert its right to collect from the county treasurer an excess collected above the compensation fixed in the court's orders. In this instance the amount of her compensation had been definitely fixed by the commissioners' court. She was entitled to be paid that amount and no more. If she collected more than was due her, the county is entitled to a recovery of the excess above the amount due her, unless it clearly appears that the commissioners' court intended, in the exercise of its power, to modify its orders and pay more than the amounts fixed therein. The mere approval of reports fails to show that the commissioners' court intended to repeal the orders or to change the amounts so allowed.

It is further contended that the Court of Civil Appeals erred in holding that the two years statute of limitation, instead of the four years statute of limitation, applies. The trial court held that the four years statute of limitation applies.

3 The moneys held by the county treasurer belonged to the county and to the various funds described by statute. The approval of the reports made by the treasurer, in which were listed the warrants drawn by herself in her favor, and in excess of the sums fixed by the commissioners' court in its orders as her compensation, would not entitle her to such excess. This is a suit against the treasurer and her bondsmen for the amount collected in excess of the sums allowed her. Therefore it is a suit upon a written instrument, and the four years statute of limitation applies. McKinney et al. v. Robinson, 84 Texas 489, 19 S. W. 699; Charlton et al. v. Harris County, 228 S. W. 969, affirmed 111 Texas 588, 243 S. W. 459; Hillman v. Gallagher, 103 Texas 427, 128 S. W. 899.

For the reasons herein stated, the judgments of the trial court and of the Court of Civil Appeals are reversed, and this cause is remanded to the trial court for another trial in accordance with this opinion.

Opinion delivered May 4, 1938.

Rehearing overruled June 8, 1938.