## BEXAR COUNTY v. MAVERICK et al.

### No. 11071.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

John R. Shook, S. Benton Davies, and Leonard Brown, all of San Antonio, for appellant.

Johnson & Rogers and William N. Hensley, all of San Antonio, for appellee.

MURRAY, Justice.

This is a suit by Bexar County against Maury Maverick and Massachusetts Bonding and Insurance Company seeking to recover several thousand dollars, alleged to have been collected by Maury Maverick, for the issuance of tax certificates during his tenure of office, from January 1, 1931, to December 31, 1934, as Tax Collector of Bexar County; it being further alleged that such collections were fees of office and should have been accounted for by appellee Maverick, but that same were unaccounted for by him.

The trial was before the court without the intervention of a jury and at the close of the evidence the court held that all such alleged claims were barred by the two-year statute of limitation and rendered judgment that the plaintiff take nothing, from which judgment Bexar County has prosecuted this appeal.

Two questions are here presented: First, did the trial court err in holding that the two-year, Art. 5526, Vernon's Ann.Civ. Stats., and not the four-year, Art. 5527, Vernon's Ann.Civ.Stats., statute of limitation applies in this suit? And, Second, were such collections under the law fees of office? Inasmuch as we have concluded that the two-year statute of limitation, Art. 5526, Vernon's Ann.Civ.Stats., applies herein, it will not be necessary to pass upon the second question.

This suit was not filed until November 25, 1939. If these fees were fees of office they should have been reported on March 1st of the next year following their collection. When Maverick ceased to be tax collector of Bexar County, on December 31, 1934, he became a member of the Congress of the United States and was out of the State some two and one-half years between January 1, 1935, and November 25, 1939. Maverick was not called upon to report fees collected during the year 1933 until March 1, 1934, and those collected during the year 1934, until March 1, 1935. Thus it will be seen that if the four-year statute of limitation is applied, a suit for fees collected during the years 1933 and 1934 is not barred, but, upon the other hand, if the two-year statute of limitation is applied, such suit is barred.

Appellant, Bexar County, contends that this is a suit based upon and evidenced by a contract in writing, to-wit, the official bond of Maverick as Tax Collector of Bexar County, and, therefore, the four-year statute of limitation should be applied and not the two-year statute.

The bond of Maverick as such Tax Collector was conditioned as is required by the statutes, Art. 7247, and Art. 7249, Vernon's Ann.Civ.Stats., as follows, to-wit:

"The condition of the above obligation is such, that whereas, the above bounden Maury Maverick was, on the 8th day of November, 1932, duly elected to the office

of Tax Collector in and for Bexar County, in the State of Texas.

"Now, therefore, If the said Maury Maverick shall faithfully perform and discharge all the duties required of him by law as Tax Collector aforesaid for and during the full term for which he is elected, then this obligation shall be void; otherwise to remain in full force and effect."

It will be noted that the bond does not, by its own terms, require Maverick to pay any money to the county, but simply is conditioned that he will "faithfully perform and discharge all the duties required of him by law as Tax Collector * * *."

One of the early cases passing upon this question is Phillips v. Hail, Tex.Civ.App., 118 S.W. 190, 191. That case was a suit on a constable's official bond to recover damages for negligently taking a defective claim bond to property. In holding that the suit was barred by the two-year statute of limitation, Justice Neill, speaking for this Court, had the following to say: "Unquestionably the two-year statute of limitation is applicable to a case of this character. Woods v. Huffman, 64 Tex. 98. This is founded on the principle that an official bond is simply a collateral security for performing the officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond. [Citing numerous cases]."

The Commission of Appeals, in Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, page 502, 98 A.L.R. 1213, in an opinion adopted by the Supreme Court, had the following to say:

"We have reached the conclusion, after careful consideration of all the authorities referred to by the Court of Civil Appeals, together with those cited in the briefs and all others that we have been able to find, that the question was correctly determined by the Court of Civil Appeals at San Antonio in Phillips v. Hail, 118 S.W. 190, 191. That was a suit against a constable and sureties on his official bond to recover damages for the negligent taking by the constable of a defective claim bond. The statute then in effect (article 4911, R.S.1895, [Vernon's Ann.Civ.St. art. 6881]), in language substantially the same as the article above referred to prescribing the conditions of the state treasurer's bond, required the execution by the constable of a bond 'conditioned for the faithful performance of all the duties required of him by law.' The court, in a well-considered opinion by

Judge Neill, supported by a number of authorities from other states, held that the action was unquestionably barred by the two-year statute of limitations, saying: 'This is founded on the principle that an official bond is simply a collateral security for performing the officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond.'

"Among cases cited by Judge Neill in support of his ruling is Spokane County v. Prescott, 19 Wash. 418, 53 P. 661, 662, 67 Am.St.Rep. 733. That was a suit by a county against the county treasurer and the sureties on his official bond, which was conditioned that the county treasurer should 'well, truly and faithfully perform all official duties now required of him.' It was held that the suit was barred by limitation because the cause of action did not arise out of the bond. In so holding, the court said:

" 'Manifestly, in conformity to well-recognized legal principles, no action can be maintained against the sureties unless the liability of the principal exists at the time of the commencement of the action. One of the duties of the treasurer required by the statute was the payment of the money in his possession belonging to the county to his successor in office. The liability arose when he neglected or refused to make such payment. Certainly, the cause of action accrued at that date. The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute. If he had executed no bond, but had assumed the functions of the office, and collected moneys, the duty would still be imposed upon him to pay them over to his successor. The bond is collateral security, as set forth in Walton v. United States, 9 Wheat. (651) 656 (6 L.Ed. 182) * * *.' "

Again, the Commission of Appeals, in Cowart v. Russell, 135 Tex. 562, 144 S.W. 2d 249, 250, in another opinion adopted by the Supreme Court, had the following to say:

"The soundness of the holding in the Hatcher case is apparent when the matter is viewed from a somewhat different angle. The four years' statute of limitation (Art. 5527, subd. 1, R.S.1925) has relation to 'actions for debt where the indebtedness is

142

evidenced by or founded upon any contract in writing.' It is well settled that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute, the action must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must itself contain a contract to do the thing for the nonperformance of which the action is brought.' Shaw v. Bush, Tex. Civ.App., 61 S.W.2d 526, 528, writ refused. Also authorities there cited, especially McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437. The obligation of the bond in this instance was that Russell should 'faithfully perform and discharge all the duties required of him by law as district clerk, aforesaid, and shall safely keep the records of his office.' It is readily seen that this does not within itself create a contract to do more than perform his office duties. Obligations created by statute are subject to the bar of the two years' statute of limitation. Shaw v. Bush, supra; Rose v. First State Bank, 122 Tex. 298, 59 S.W.2d 810.

"Herein is found a distinction between the present case and the cases of Throckmorton County v. Thompson, 131 Tex. 543, 115 S.W.2d 1102, and McKinney v. Robinson, 84 Tex. 489, 19 S.W. 699. Those cases involved actions upon the official bond of a county treasurer. Under Article 1704 of the Revised Statutes of 1925 the bond required of a county treasurer is conditioned that 'such treasurer shall faithfully execute the duties of his office and pay over according to law all moneys which shall come into his hands as county treasurer, and render a true account thereof to said court at each regular term of said court.' It is thus seen that such a bond not only contains an obligation to 'faithfully execute the duties of his office,' but contains within itself a contract to do certain things, the nonperformance of which may become the basis of a cause of action. In such a case manifestly the four years' statute of limitation would govern. Upon this basis it becomes easy to reconcile apparent conflicting decisions."

The obligation of the bond signed by appellees, Maury Maverick, as principal, and Massachusetts Bonding and Insurance Company, as surety, was that Maverick should "faithfully perform and discharge all the duties required of him by law as Tax Collector." It is readily seen that this does not within itself create a contract to do more than perform his official duties. It has been definitely held that obligations created by statute are subject to the bar of the two-year statute of limitation. This case is easily distinguishable from that line of cases where the suit is based upon a bond which by its own terms provides for the payment of money to the county. In such cases the suit is evidenced by and based upon a contract in writing, but the obligation sued upon in the present case is not based upon or evidenced by a contract in writing, as is required by Section 1, Art. 5527, Vernon's Ann.Civ.Stats.

We feel that we can add nothing to what the Commission has already said upon this question.

*The judgment of the trial court is affirmed.*