## HODGES et al. v. PRICE et al.

### No. 11381.

Court of Civil Appeals of Texas. Galveston.

July 1, 1942.

Rehearing Denied July 30, 1942.

E. R. Campbell, Ed. Arnold, and Abe W. Wagner, all of Houston, for appellants.

Able & Stokes, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellee, Robert B. Price, suing in his individual

capacity, against C. R. Rowe and the sureties on his agency-bond, T. C. Rowe, J. Edward Hodges and M. C. Balshaw, for the recovery of the sum of $2,275.80, with interest and attorney's fees alleged to be due under the terms of an agency contract with appellee.

Appellee alleged that at all times material to this action, he had conducted a general insurance agency in Dallas, Texas, under the name of Robert B. Price & Company; that on February 8, 1929, acting through his duly authorized agent, R. S. Graham, he had entered into an oral insurance agency contract with C. R. Rowe, and that on said date, under the terms of said contract, C. R. Rowe, as principal, and T. C. Rowe, J. Edward Hodges, and M. C. Balshaw, as sureties, had executed and delivered to him an agency-bond in the sum of $3,500.

Appellants answered by general demurrer and general denial. They specially pled the two and four years statutes of limitation. Vernon's Ann.Civ.St. Arts. 5526, 5527.

At the close of all the evidence, defendants' motion for an instructed verdict and their motions for the submission of various special issues as to alleged controverted matters having been refused, the court, upon appellee's motion, discharged the jury and rendered judgment in favor of appellee against all of the defendants. Appellants J. Edward Hodges and M. C. Balshaw have appealed from this action of the trial court.

At and prior to the date of the execution of the contract and bond in question, appellee, Robert B. Price, was engaged in operating a general insurance agency in Dallas, Texas, under the name of Robert B. Price & Co. He appointed C. R. Rowe, who had for a number of years been engaged in the insurance business in Houston, Texas, as his agent for selling insurance, and other matters pertaining thereto. As a condition to said appointment, C. R. Rowe, as principal, and T. C. Rowe, J. Edward Hodges, and M. C. Balshaw, as sureties, executed and delivered to appellee the bond above referred to, dated February 8, 1929. The conditions of the bond material to this appeal are: "* * * that if the above bounden C. R. Rowe, Agent, shall faithfully and punctually pay over at Dallas, Texas, to said Robert B. Price & Co., as general agents and as individuals, all sums due, or that may become due to them, or either of them, from time to time for premiums on policies issued by such agent, whether such policies have been collected by C. R. Rowe or not, and also all moneys whatever collected or received by C. R. Rowe for any account whatever for said Robert B. Price & Co., whether as general agents or as individuals, and shall also pay over the return commissions upon any and all policies of the said company, or either of them, which for any cause may be cancelled at any time, * * * and shall well and truly perform all the duties of such agent of such companies * * *, then this obligation shall be null and void, otherwise to remain in full force and effect."

The agency contract between appellee and C. R. Rowe was terminated by agreement on June 19, 1930.

Prior to the execution of said agency contract, C. R. Rowe had become indebted to Gross R. Scruggs & Co. in the sum of $3,800. Gross R. Scruggs & Co. also operated a general insurance agency in Dallas, Texas, and maintained joint offices with appellee, with R. S. Graham as general manager of the two agencies. After the termination of the agency contract with appellee on June 19, 1930, C. R. Rowe executed a written acknowledgment of his indebtedness to appellee in the amount of $2,275.80. He also acknowledged an indebtedness to Gross R. Scruggs & Co. of $7,331.63. The item of $3,800 above referred to was included in the acknowledged indebtedness to Gross R. Scruggs & Co. of $7,331.63. After the termination of said agency contract, C. R. Rowe remitted to the Dallas offices of Scruggs & Co. and Price & Co. sums aggregating $3,090.-09. All of these remittances, aggregating the last mentioned sum, were credited to the said prior indebtedness of $3,800 due Gross R. Scruggs & Co. It is undisputed that the item of $3,800 was the oldest item of indebtedness due either appellee or Gross R. Scruggs & Co.

Under their first point, appellants complain of the action of the trial court in rendering judgment in favor of appellee, for the alleged reason that, since appellee's cause of action was based upon and evidenced by an oral agreement between appellee and C. R. Rowe, appellee's cause of action against appellants, J. Edward Hodges and M. C. Balshaw, as sureties on the bond of C. R. Rowe, was barred by the statute of limitations of two years prior

to the filing of appellee's suit. This contention cannot be sustained.

It is the established law in this state that obligations created by statute are subject to the bar of two years statute of limitations (Article 5526, Subd. 4, R. S. 1925), and that the bond of an official which only obligates the official to "faithfully perform and discharge all the duties required of him by law" as such officer, does not within itself create a contract to do more than perform his official duties, and that therefore such obligations are subject to the bar of the two years statute of limitation. Bexar County et al. v. Maverick et al., Tex.Civ.App., 159 S.W.2d 140, 141, writ refused; Shaw v. Bush, Tex.Civ. App., 61 S.W.2d 526, writ refused; Rose v. First State Bank, 122 Tex. 298, 59 S. W.2d 810; Phillips v. Hail, Tex.Civ.App., 118 S.W. 190.

A distinction has been drawn, however, between the above cited cases, involving official bonds which only required the bonded official to discharge the duties required of him by law, and cases between the immediate parties to bonds which contain within themselves a contract to do the specific thing for the non-performance of which the action is brought.

The bond involved herein is conditioned not only that C. R. Rowe shall well and truly perform his duties as such agent, but it further provides that he shall pay over to appellee all sums due, or that may become due, for premiums on policies issued. By its terms the bond not only contains an obligation to carry out the general terms of said agency contract, but it contains within itself a contract to do the things for the non-performance of which this cause of action was brought, the recovery of premiums alleged to be due appellee. In such a case, manifestly the four years' statute of limitation would govern. R. S. Article 5527, subd. 1; Throckmorton County v. Thompson, 131 Tex. 543, 115 S.W.2d 1102; McKinney v. Robinson, 84 Tex. 489, 19 S.W. 699; Settegast et al. v. Harris County, Tex.Civ. App., 159 S.W.2d 543, writ refused.

Under their second point appellants contend that appellee's cause of action seeking recovery of the amount of obligations alleged to have been incurred by C. R. Rowe during the period beginning November, 1929, and including June, 1930, was barred by the four years' statute of limitation, for the alleged reason that appellee, in his original petition filed September 2, 1933, and in his first and second amended petitions filed on, respectively, June 16, 1934, and December 22, 1934, sought to recover the principal amount of $2,713.02, and alleged in detail the items of indebtedness and the credits allowed bringing about that balance, and that in his third amended original petition which was filed on January 21, 1936, and in his fourth amended original petition upon which he went to trial, which was filed on January 1, 1940, he sought to change the appropriation of payments and credits alleged in his earlier pleadings and to apply all payments and credits made by C. R. Rowe to the satisfaction and discharge of the items of indebtedness which accrued beginning with August, 1931, up to and including 1933, and sought to recover only the sum of $2275.80. This contention cannot be sustained.

Article 5539b, Vernon's Ann.Civil Statutes, provides that whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counter-claim, or defense, and, at the time of filing such pleading, such cause of action, cross-action, counter-claim or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation.

Further, it is the general rule that an amended petition, asserting a cause of action between the same parties and growing out of the same transaction as that alleged in the original petition, does not set up a new cause of action, except as to new parties brought in after limitation had run, notwithstanding the amendments may be established by different proof from that required to sustain the original petition. First State Bank & Trust Company of Rio Grande City v. Ramirez et al., 133 Tex. 178, 126 S.W.2d 16; Galveston, H. & S. A. Ry. Co. v. Brewer, Tex.Civ.App., 4 S.W. 2d 320, writ refused, and cases there cited; Ferguson Seed Farms v. Ferguson, Tex. Civ.App., 52 S.W.2d 354.

In each of his pleadings appellee alleged an indebtedness due him by C. R. Rowe totalling $2,275.80, setting out the items thereof in detail, and that this indebtedness was due and owing to him. In each of his pleadings, with the exception of his second amended original petition,

he alleged that C. R. Rowe had executed and delivered to him a sworn statement in which he acknowledged that he owed appellee the sum of $2,275.80 and that said sum or items were due and unpaid. In his trial petition appellee alleged that the application of credits shown on his original, first and second amended petitions were misstatements of the facts and that all credits set out in said petition, commencing with November, 1931, were, at C. R. Rowe's direction, applied at the time of their receipt on his current account.

■ Under above facts, we think that the same debt was sued on in appellee's original and his first amended original petitions, which were filed within the limitation period, as in the subsequent amendments thereto. The fact that different applications of credits were made in subsequent amendments does not, under above authorities, constitute a new or different cause of action, since no new parties were brought into the suit after limitation had run.

Appellants assign error in the action of the trial court in dismissing the jury and rendering judgment in favor of appellee, for the alleged reason that the evidence in the trial court raised the issue of fact that C. R. Rowe had, either expressly or impliedly, directed appellee and Gross R. Scruggs & Co. and R. S. Graham, the joint manager of the two companies, to apply the payments made by him after the termination of his agency contract with appellee to the accounts of the two companies jointly.

■ It is the settled law in this state that, in the absence of application of payments by the parties themselves, the law applies them to the oldest item then due. J. I. Case Co. v. Laubhan, Tex.Civ.App., 64 S.W.2d 1079, and cases there cited; Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460.

■ This rule has been restricted to the extent that when the debtor makes a payment without exercising his right to direct the application thereof, the creditor may appropriate it to such debts due from the debtor as he chooses, provided he does not make an application that is inequitable and unjust to the debtor. Herring-Turner Hardware Co. v. Park et al., Tex.Civ.App., 123 S.W.2d 983; 32 Tex.Jur., p. 679.

■ Appellants' contention that C. R. Rowe had, either directly or impliedly, directed appellee or Gross R. Scruggs & Co., or their joint manager, R. S. Graham, to apply payments made by him to the joint account of the two companies is not borne out by the record. It is undisputed that C. R. Rowe had all of his dealings with R. S. Graham, the joint manager of the agencies of both appellee and Gross R. Scruggs & Co. In making his remittances no distinction was made between the obligations due the two agencies, and no instruction was given as to the application of any payment made. C. R. Rowe testified that he never intended to distinguish between the two accounts because he thought that they were the same. He had executed agency bonds in favor of both agencies. It is undisputed that the items comprising the account due Gross R. Scruggs & Co. were due and owing by C. R. Rowe and that they had been incurred prior to the indebtedness due appellee. While appellants contend that there had been an agreement between C. R. Rowe and Gross R. Scruggs & Co. to freeze the indebtedness of $3,800 in favor of Scruggs & Co. until other obligations had been paid, we find no evidence in the record that this agreement was in force at the time of the application of the payments in question, and the record shows that this indebtedness was recognized by C. R. Rowe, and that it was included within the acknowledgment of indebtedness of $7,331.63 made by him to Scruggs & Co. at the date of the termination of said agency contract with appellee.

A careful examination of the record fails to disclose equities in favor of appellants in the remittances made by C. R. Rowe which were applied to the Scruggs & Co. account, and in the absence of a specific allocation thereof, we think that the creditors of C. R. Rowe were justified in making the allocation of said funds to the $3,800 debt due Scruggs & Co., which was the oldest account.

We have carefully considered all other points presented in appellants' brief. None of them, in our opinion, show error in the record which requires a reversal of the case.

The judgment of the trial court will be, in all things, affirmed.

Affirmed.