## McEWIN v. LUKER et al.

### No. 1427.

Court of Civil Appeals of Texas. Eastland.

April 5, 1935.

Parker & Parker, of Comanche, for appellant.

L. K. Frickstad and A. S. Rollins, both of Dallas, and G. E. Smith and Oscar Callaway, both of Comanche, for appellees.

FUNDERBURK, Justice.

Dean McEwin brought this suit against D. P. Lester, his former guardian, J. W. Webb and S. W. Switzer, sureties on two guardian's bonds, R. A. Luker, American Surety Company of New York, National Surety Corporation of New York, and W. T. House. Judgment was for plaintiff against said Lester, Webb, and Switzer upon the guardian's bonds. No complaint is made of that part of the judgment. The judgment further provided that plaintiff take nothing against the other defendants. From the last-named provision plaintiff appeals.

The case was tried without a jury, and the record contains no conclusions of fact and law. Appellant, by single assignment of error, complains that the court erred in not rendering judgment for plaintiff against the said other defendants. Under this assignment of error plaintiff asserts a single proposition, as follows: "Where, in a guardianship matter such as the case at bar, the evidence clearly shows that the county judge failed and neglected annually to examine into the condition of the estate of the ward and the solvency of the guardian's bond, and where such county judge did not require an annual account of such guardian to be filed as he is required by law to do, and where loss or damage results to the estate of such ward by reason of the county judge's failure and neg-

138

lect to annually examine into the condition of the estate of the ward, said county judge is liable on his official bond to said ward in an amount equal to the loss or damage sustained by the ward."

■■ The record presented does not support the proposition. There was no evidence that the loss or damage complained of resulted from the county judge's alleged failure or neglect annually to examine into the condition of the estate of the ward, or solvency of the sureties. If the loss resulted during Judge Luker's administration, then Judge House and his bondsmen would not be liable. If the loss occurred during Judge House's administration, then Judge Luker and his bondsmen would not be liable; at least, not necessarily so. If the sale of the land was void, as contended by the appellant, then the loss of the money received from the sale would not be a loss to the estate, for the land would still belong to the estate. There was no evidence to connect the American Surety Company with the case. Although it was alleged that the American Surety Company was bondsman for Judge Luker for one term, the evidence does not show that such was the fact. There was no evidence to warrant a judgment against the National Surety Corporation, because, although it was alleged that it succeeded to the liability of the National Surety Company, there was no evidence of that fact.

■■ Appellant states in his brief that the liability of the former county judges and the sureties upon their bonds is predicated upon article 4141, R. S. 1925. That article provides that it shall be the duty of the county judge to annually examine into the condition of the estate of the ward and the solvency of such guardian's bond, and to require such guardian, at any time it may appear that such bond is not ample security to protect such estate and the interest of his ward, to execute another bond in accordance with the law. It further provides that, should any damage or loss result to the estate of the ward through the negligence of such county judge to perform such duties, the judge shall be liable on his official bond in such an amount equal to the amount due to such negligence. To establish liability under that provision, it would be necessary to prove, in response to appropriate pleadings, not only that the county judge had failed to do the things therein prescribed as being his duty, but that such failure was the proximate cause of the damage or loss. Clearly it would not

be sufficient merely to show that each of two judges had failed to require annual accounts, or make inquiry into the solvency of bondsmen, and that injury or loss to the estate had occurred without reference to whose default had caused it.

Being of the opinion that no error is shown in the judgment of the court below and that it should be affirmed, it is accordingly so ordered.