## TARRANT COUNTY v. PRICHARD et al.
### No. 13268.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 22, 1935.

Rehearing Denied Dec. 20, 1935.

Samuels, Foster, Brown & McGee and Cecil C. Rotsch, all of Fort Worth, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, and Albert J. Baskin, of Fort Worth, for appellees.

DUNKLIN, Justice.

G. Walter Prichard held the office of justice of the peace for two terms; the first beginning May 17, 1929, and ending December 31, 1930; the second beginning January 1, 1931, and ending December 31, 1932. The Standard Accident & Insurance Company, of Detroit, Mich., was surety on his official bond payable to Tarrant county in the sum of $1,000 for each of those terms of office. The county instituted this suit against Prichard and the surety on his official bonds for an accounting to determine the amount of fees which it was alleged Prichard should have turned over to it but failed to do. There were several different items for which a recovery was sought, to each and all of which defendants pleaded the statute of limitations of two years (Rev.St.1925, art. 5526).

The fees which Prichard was authorized to retain out of collections made by him during the years 1929 and 1930 were prescribed by R.C.S. arts. 3883a, 3891, 3892, 3894, 3895, and 3902. Articles 3896, 3897, 3898, and 3899 prescribe the duties of all officers, including the justice of the peace, to keep accounts of fees collected and to make a report of the same at the close of each fiscal year.

At the outset it is our conclusion that the two-year statute of limitations (Rev.St.1925, art. 5526) is applicable here, rather than the four-year statute (article 5527), as insisted by the plaintiff, since the cause of action is for an alleged breach of the statutory duty prescribed by article 2373. The obligation of the bond that he would promptly pay over to the party entitled to receive it all money that may come into his hands during his term of office was incidental to the right of action and did not bring the suit within the operation of the four-year statute, as insisted by the plaintiff. We believe this question is finally settled by the decision of the Commission of Appeals in the case of Hatcher v. State, 81 S.W.(2d) 499, 98 A.L.R. 1213.

In the first count of the petition, the county sought to recover salaries paid to Mrs. Aline Lowe of $100 during the year 1929, and $50 paid to Lee Stubbs during the year 1930, for services as extra clerks without any previous authority from the commissioners' court authorizing such payment, both of which sums were retained by the defendant.

The second count was to recover $150 by reason of the failure of the defendant to tax $7 instead of $4 in the trial of fifty misdemeanor cases during the year 1929, the difference being $3 in each case, or $150 in the aggregate.

The third count was for sums retained by the defendant out of fees collected during the year 1930, one of which was $1,500, retained by the defendant, for ex officio salary, without any prior order of the commissioners' court granting such ex officio salary.

The plaintiff's right of action for each of those items accrued not later than the

1st day of January, 1931, and since the suit was not instituted until July 7, 1933, more than two years thereafter, the defense of the two years' limitation to each and all of those items should have been sustained, and this conclusion renders it unnecessary to determine the right of the defendant to those credits in the first instance.

By an Act of the 41st Legislature (1930), Fourth Called Session, c. 20, § 3, which became effective January 1, 1931, the maximum fees allowed to a justice of the peace in a county having a population of Tarrant county was fixed at $12,500. During the year 1931 the defendant Prichard collected in current fees of office the sum of $8,672.05. Out of fees collected he paid out in salaries to deputies employed by him by authority of the commissioners' court the sum of $3,600. During that year he collected the further sum of $2,339.40, delinquent fees which had been earned prior to the year 1931. In his report to the commissioners' court for the year ending 1931 he treated both accounts together, aggregating $11,011.45, as fees of office for that year and as fixing the maximum amount of fees allowed by the statute; and the only question remaining for determination here is whether or not he had the statutory right to so treat the delinquent fees.

Article 3894 reads as follows: "All fees due and not collected as shown in the report required by Article 3897 shall be collected by the officer to whose office the fees accrued; and, out of such part of delinquent fees as may be due the county, the officer making such collection shall be entitled to ten per cent of the amount collected by him, and the remainder shall be paid into the county treasury as provided in Article 3891."

Ten per cent. of $2,339.40 is $233.94, which was current fees for the year 1931, and the defendant had a right to take credit therefor as such in his report for the year 1931; thus reducing the maximum of allowable fees for the year 1931 to $2,105.96 as the amount owing to the plaintiff, of date January 1, 1932, out of fees collected for the year 1931. The provisions of articles 3892 and 3902, Rev.Civ. Statutes, bear out this conclusion.

The trial court rendered judgment in plaintiff's favor for $150, the amount claimed in the first count of the petition, referred to above, for the salaries paid for extra clerk hire during the years 1929 and 1930, but denied a recovery for any of the amounts claimed in the other counts of the petition. Plaintiff has prosecuted this appeal from the refusal of the court to render judgment for the full amount sued for.

From the foregoing conclusions it follows that the judgment of the trial court should be so reformed as to award plaintiff a recovery against the defendant, G. Walter Prichard, as principal, for the sum of $2,105.96, with interest thereon from January 1, 1932, to January 8, 1935, the date of the trial of the case in the court below, at the rate of 6 per cent. per annum and costs of suit, and against the Standard Accident & Insurance Company, as surety, for $1,000 of that principal, with interest thereon at the rate of 6 per cent. per annum from January 1, 1932, to January 8, 1935, and costs of suit, and with judgment in favor of the surety over against said principal for whatever it may be required to pay on said judgment; and it is so ordered. Costs of appeal are taxed against the defendants.

### On Motion for Rehearing.

In our original opinion, we held that by virtue of the provisions of article 3894, Rev.Civ.Statutes, appellee Prichard was entitled to retain 10 per cent. of the delinquent fees of office collected during the year 1931, as current fees of that year. By reason of the many amendments to the fee bill from year to year, we overlooked the fact that by an Act of the 4th Called Session of the 41st Legislature, c. 20, § 4, passed in the year 1930, and which became effective January 1, 1931, article 3894 of the Revised Statutes was repealed.

Accordingly the judgments of the trial court and of this court are so reformed as to award plaintiff Tarrant county a recovery as against defendant Walter Prichard for $2,339.40, the same being the full amount of delinquent fees collected during the year 1931, with interest thereon at the rate of 6 per cent. per annum from January 1, 1932, to January 8, 1935, the date of the trial of the case in the court below, and costs of suit in the trial court, and against the defendant Standard Accident & Insurance Company, as surety, for $1,000 of that principal, with interest thereon at the rate of 6 per cent. per annum from January 1, 1932, to January 8, 1935, and costs of suit in the trial court;

and judgment in favor of said surety over against said Walter Prichard, principal, for whatever it may be required to pay on said judgment. Costs of appeal are taxed against the defendants in the court below, appellees here.

With the exception of the foregoing correction of our former judgment, appellant's motion for rehearing is overruled. And appellees' motion for rehearing is likewise overruled.