## NEELY et al. v. TARRANT COUNTY.

### No. 13312.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 24, 1939.

A. B. Culbertson, of Fort Worth, for appellant Robert E. Neely.

Price & Christopher and William E. Dahl, all of Fort Worth, for appellant American Surety Co. of New York.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

BROWN, Justice.

Appellant, Robert E. Neely, was the duly elected district clerk in and for Tarrant County, Texas, for the years 1927, 1928, 1929 and 1930, and the American Surety Company of New York was the surety on Neely's bond.

On December 29th, 1932, Tarrant County and the State of Texas, by joint petition, brought suit against the said district clerk and the surety on his official bond, contending that Neely had collected certain fees during the years 1927 and 1928, which he should have, accounted for to said County and State, and on December 23rd, 1933, by an amended petition, sought to recover on such asserted unaccounted for fees for the years 1927, 1928, 1929 and 1930.

The defendants below and appellants here pleaded the two years statute of limitation, Vernon's Ann.Civ.St. art. 5526, in addition to other allegations not necessary to mention.

The case was tried to the court, and on February 27th, 1935, judgment was rendered for the plaintiffs against the clerk and the surety on his official bond, in the sum of $3,616.50. This, judgment recited that both defendants in open court excepted and gave notice of appeal to this Court of Civil Appeals. On March 8th, 1935, the said defendants filed separate motions for a new trial. The wording of these motions is identical.

The first error assigned is: "The verdict is contrary to the undisputed evidence in the case." The second error assigned is: "The judgment is contrary to the law."

These motions were overruled on April 20th, 1935, and the order overruling the same recites that the defendants excepted and in open court gave notice of appeal to this Court of Civil Appeals. The appeal bond was filed on April 27th, 1935. The appeal bond recites that the judgment was rendered against the defendants on Feb-

660

ruary 27th, 1935, "from which judgment the said Robert E. Neely and the American Surety Company of New York desire to take an appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, sitting at Fort Worth, Texas."

■ Thus it may be seen that the appeal bond appears to show an appeal from the judgment rendered and not from the order overruling the defendants' motions for a new trial. The motions for a new trial are nullities, so far as they attempt to furnish any assignment of error for the consideration of this court or of the Supreme Court.

We were not certain that we had jurisdiction of the cause, when taking into consideration the date of the judgment and the time when the appellants filed their appeal bond, and pending a determination for a motion for rehearing we certified to our Supreme Court three questions, viz: (1) Are the formal motions for a new trial, filed by the appellants in the trial court, sufficient in law to predicate an appeal thereon by appellants?

(2) If found to be sufficient on which to predicate an appeal, are appellants confined to the errors assigned in such motions for a new trial, together with fundamental errors, if any, found of record?

(3) Is the appeal bond, worded as it is, sufficient to perfect an appeal from the order overruling the motions for a new trial?

The Honorable Supreme Court, in an able opinion, has answered the first and third questions in the affirmative, and the second question in the negative. See 124 S.W.2d p. 101.

■ In conformity with the rulings and holdings of our Supreme Court, we sustain the motion for rehearing filed by appellants, we withdraw the opinion heretofore rendered by us on May 1st, 1936, and adopt the following opinion in its place and stead:

We sustain appellants' first assignment of error, which invokes before us what was urged in the trial court—that the causes of action, that is to say, the several items sought to be recovered, were barred by the Statute of Limitations of two years, when the suit was filed.

The plea of limitations is well taken and should have been sustained by the trial court. Bitter v. Bexar County, Tex.Com.

App., 11 S.W.2d 163; Tarrant County v. Prichard et al., Tex.Civ.App., 89 S.W.2d 1028, writ dismissed; Aetna Casualty & Surety Co. v. State for Use and Benefit of City of Dallas et al., Tex.Civ.App., 86 S.W.2d 826, writ dismissed.

We feel no necessity for considering any other assignment of error.

For the reasons given, the judgment of the trial court is reversed and judgment is here rendered for appellants.