**BERNARDONI et al. v. HOLMAN et al.**

No. 11601.

Court of Civil Appeals of Texas. Galveston.

Jan. 13, 1944.

Rehearing Denied Feb. 3, 1944.

W. E. Greer, of Galveston, for appellants.

Levy & Levy, Armstrong, Cranford, Barker & Bedford, Donald M. Markle, and Terry, Cavin & Mills, all of Galveston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 56th District Court of Galveston County, sustaining special exceptions of the appellees to the pleadings of the appellants seeking to recover against the estate of the late E. B. Holman, as County Judge of Galveston County, and his official bondsmen, for losses claimed to have been sustained by appellants as a proximate result of the Judge's alleged negligent failure to perform the probate duties required of him by law (particularly by R.S. Article 4141); the damages sought were declared upon as having been visited upon them by the misfeasance, nonfeasance, and malfeasance of one W. A. Barlow, as guardian over them in cause No. 6500 in the probate court of Galveston County, which guardian Judge Holman had appointed, and for whose acts as such, under the cited statute, he had been officially responsible to them.

The face of their amended pleadings discloses that all the breaches of such official duty appellants declared upon against Judge Holman had occurred more than two years before the filing of their suit herein; the trial court, in sustaining the exceptions, and thereupon dismissing their suit, made these recitations in its judgment:

"That the special exception filed by the defendant, Mrs. Mabel Holman, independent executrix of the estate of E. B. Holman, deceased, on the ground that this suit is barred under the Texas two-years statute of limitations, be and the same is hereby sustained.

"And it appearing to the Court that said special exception is decisive of this case and that a similar exception in favor of all other defendants was sustained on April 9th, 1943, making it unnecessary to rule on other special exceptions of said defendant herein filed, and plaintiffs refusing and failing to make any amendment, it is therefore,

"Ordered, adjudged and decreed by the Court that the plaintiffs' cause and suit against Mrs. Mabel Holman, independent executrix of the estate of E. B. Holman, deceased, and all other defendants herein against whom judgment is sought, be and it is hereby dismissed."

In inveighing against that adverse determination below, appellants eliminate all unnecessary details requisite to a consideration of their appeal, by this declaration in their brief: "There is only one question to be considered in this case. Is appellants' cause of action barred by the Texas two or four years' statute of limitation."

The appellees, in turn, fully concur in the reduction to that one question for determination, hence it alone will be decided.

Appellants' one proposition directly material to that issue is stated by them, as follows: "When the County Judge signed his bond, and the sureties joined therein, their liability became contractual toward all wards under the jurisdiction of the Probate Court. Therefore, this is a suit to collect money on an instrument in writing, and appellants' cause of action comes

322

under the Texas four years' statute of limitation."

The authorities they cite in support of it are these: Von Hoffman v. Quincy, 71 U.S. 535, 4 Wall. 535, 18 L.Ed. 403; Southern Surety Co. v. Klein, Tex.Civ.App., 278 S.W. 527; Foust v. Bibb, Tex.Civ.App., 258 S.W. 921, 924; American Indemnity Co. v. Burrows, Tex.Civ.App., 191 S.W. 574; Tex.Jur., Vol. 10, p. 317; Tex.Jur., Vol. 34, p. 563; Heyn v. Massachusetts, etc., Co., Tex.Civ.App., 110 S.W.2d 261; Simpson v. Booth, Tex.Civ.App., 163 S. W.2d 1080; Article 5527, Vernon's Ann. Civ.St.; Hillman v. Gallagher, 103 Tex. 427, 128 S.W. 899; Throckmorton County v. Thompson, 131 Tex. 543, 115 S.W.2d 1102; Charlton v. Harris County, Tex.Civ. App., 228 S.W. 969; McKinney v. Robinson, 84 Tex. 489, 19 S.W. 699.

■ Upon consideration of the single question of law thus presented, aided by able briefs and oral arguments for both sides, this court concludes that appellants are mistaken in their view; that their relied-upon authorities do not sustain it, but that, on the contrary, the precise point raised has already been foreclosed against them by an unbroken line of holdings in Texas to the direct purport that, upon facts not in legal effect different from those appellants so here declared upon, the two-year and not the four-year statute applies, such authorities being these; 43 American Jurisprudence, Sec. 444; R. C.S. of Texas 1925, Art. 5526, Sub. 4; Ætna Casualty & Surety Co. v. State, Tex. Civ.App., 86 S.W.2d 826; Bexar County v. Maverick, Tex.Civ.App., 159 S.W.2d 140; Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249; Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213; Genzer v. Fillip, Tex.Civ.App., 134 S.W.2d 730, writ of error dismissed; McEwin v. Luker, Tex.Civ.App., 81 S.W.2d 137; Phillips v. Hail, Tex.Civ.App., 118 S.W. 190; Rose v. First State Bank, 122 Tex. 298, 59 S. W.2d 810; Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, error refused; Tarrant County v. Prichard, Tex.Civ.App., 89 S. W.2d 1028.

Since, as indicated, the only legal issue tendered—on the legal equivalent of the same state of facts—has been so decided against appellants' contention, it is deemed unnecessary to undertake a rediscussion thereof, or to add anything thereto; it may not be amiss, however, in pointing out the distinction on the facts between this case and the controlling ones, if not all of those so relied upon by appellants, to here recapitulate, that—as recited in appellants' trial petition, as well as their briefs—the several bonds filed by Judge Holman and his sureties, upon which this suit was based, were all ordinary statutory bonds, conditioned merely that the County Judge should faithfully discharge all duties required of him as such officer, according to law; that none of them contained within themselves a contract to do any one of the things for the non-performance of which appellants brought this action thereon; further, as likewise undisputedly appears from this record and the appellants' briefs, their suit herein not only arose but was grounded solely upon the resulting effect upon their property-interests of the County Judge's alleged negligent failure to discharge his official duties, as prescribed especially in cited Article 4141; that is, in not having seen to it at that time that his appointee, the guardian Barlow, lived up to the duties of his position as such and did not default therein to the damage of appellants, as already indicated. So that, their declared-upon cause of action initially and directly stemmed from Judge Holman's breach of duty on those occasions, and not primarily from the bond he gave as collateral security to all persons legally aggrieved by any failure to faithfully discharge his duties as County Judge.

■ In other words, the recitations of their pleadings thus made clear that appellants' suit was for the breach of an official duty that was governed by the two-year statute of limitations, R.S. Article 5526, and not an action on the bond constituting a contract in writing, to which the four-year statute, R.S. Article 5527, applied. The rule on this subject is thus stated in Section 444, of 43 American Jurisprudence, supra: "Limitation of Actions, Generally.—There seems to be no dissent from the proposition that an action against a public officer and the sureties on his bond for breach of an official duty is not an action on the bond so as to be governed by the statute of limitations relating to actions for an indebtedness evidenced by or founded upon a contract in writing. The reason for this rule has been said to be that an official bond is merely a collateral security for performance of the officer's duty, and when suit is barred for breach of his duty, action is also barred on the bond."

In Texas the Hatcher, Cowart, and Genzer cases are all to the same effect. These Texas authorities specifically make this same quoted distinction that differentiates appellants' cited authorities, upon the facts so alleged by themselves, from those so ruling this controversy; hence further discussion is deemed unnecessary.

It follows that the trial court's judgment should be affirmed; it will be so ordered.

Affirmed.