**The CITY OF PORT ARTHUR, Appellant,**

v.

**Harrell G. TILLMAN et al., Appellees.**

**No. 7577.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 1, 1964.

Rehearing Denied Sept. 22, 1964.

Cary Young, City Atty., Port Arthur, Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

W. J. Durham, Dallas, Johns & Willard, Beaumont, for appellees.

FANNING, Justice.

Plaintiff, City of Port Arthur, as successor and subrogated to the rights of Jefferson County Water Control and Improvement District No. 11, brought suit against defendants, Harrell G. Tillman and wife, D. D. Tillman, Mack Hannah, Jr., Hamilton Paul, Emily Bridges, Isaac Prejean, Frank Boutte, and American Casualty Company of Reading, Pennsylvania, alleging to the effect that the defendants Hannah, Paul, Bridges, Prejean and Boutte as directors of Jeffer-

son County Water Control District No. 11 had violated and breached various of their statutory duties as trustees and directors and were liable in damages for such actions and that in particular the said directors had wrongfully and fraudulently purchased from defendants Harrell G. Tillman and wife, D. D. Tillman by quit-claim deed the Tillmans' interest, claim, right or title in certain water lines, attachments and meters, and title to certain easements in which the water lines were laid adjacent to two projects, Sunset Gardens and Hannah Estates, located in Jefferson County, Texas, but not within the city limits of the City of Port Arthur, and that the defendants Tillmans claimed their equity, interest, right or title under a quit-claim deed from the defendant Hannah, but actually owned no interest, equity, title or right, in the said lines, property and easements in question.

Plaintiff sought to recover double damages under Art. 4004, Vernon's Ann.Tex.St., as amended, sought to recover the money paid by the directors to the Tillmans for the quit-claim deed to the interests and properties in question, and further sought to recover from defendant directors, and from defendant, The American Casualty Company of Reading, Pennsylvania, the amount of the bonds ($5,000.00 on each bond) on the ground that the trustees had breached and violated their statutory duties.

Defendants Tillmans, Hannah, Paul, Bridges, Prejean and Boutte filed in their second amended answers to plaintiffs first amended petition, among other matters, certain special exceptions urging the two (2) year statute of limitations, alleging to the effect that plaintiff's first amended petition on its face showed that plaintiff's alleged cause of action against said defendants was barred by the two (2) year statute of limitations.

The trial court, after a hearing, sustained said named defendants' special exceptions urging the two (2) year statute of limitations. Plaintiff was given leave to amend but plaintiff refused to amend, whereupon the trial court dismissed plaintiff's suit as against the defendants Tillmans, Hannah, Paul, Bridges, Prejean and Boutte. Plaintiff, City of Port Arthur, Texas, has appealed.

Appellant presents three points on appeal which read as follows:

"*Point No. 1.* The Trial Court erred in sustaining the Defendants' special exceptions urging the two year statute of limitation and thereupon dismissing Plaintiff's cause of action because Plaintiff's First Amended Petition on its face pleads facts which toll the running of such statute.

"*Point No. 2.* The Trial Court erred in sustaining Defendants' special exceptions urging the two year statute of limitation and thereupon dismissing Plaintiff's cause of action, insofar as the suit upon the official bonds of Defendants Hannah, Bridges, Paul, Boutte, and Prejean are concerned, because such bonds are written contracts, and actions based thereon are subject to the four year statute of limitation.

"*Point No. 3.* The Trial Court erred in sustaining Defendants' special exceptions urging the two year statute of limitation and thereupon dismissing Plaintiff's cause of action, because that portion of Plaintiff's First Amended Petition which sets up a cause of action for rescission or cancellation of contract based on fraud is governed by the four year statute of limitation."

Plaintiff's amended petition, among other things, pleads to the effect that on August 16, 1956, appellee Hannah, conveyed by quit-claim deed to Harrell G. Tillman and wife, D. D. Tillman, his claim, interest, title, etc., in and to all of the water lines then in the easements and his interest or equity in five (5) feet on each side of the water lines in the easements in question; that on July 7, 1958, the said above referred to water district through its directors en-

tered into a contract with Tillman and wife to purchase all of their right, title and interest in the said water pipelines, together with the said five (5) foot easements; that thereafter, on October 4, 1958, said water district executed a note promising to pay to the Tillmans, d/b/a T. & T. Water Company of Harris County, the sum of $42,897.00 for all of the referred to water lines with the said five (5) foot easement, with said note bearing 7% interest; that on Feb. 11, 1959, said water district drew two checks to purchase a cashier's check in the sum of $44,580.73, which cashier's check was delivered on said date to the defendants Tillmans, d/b/a T. & T. Water Company.

On the face of plaintiff's first amended petition it is alleged to the effect that the plaintiff claims that on the 20th day of March, 1962, for the first time, it discovered that the defendants Tillmans had practiced a fraud upon the said water district and that plaintiff had diligently examined the records of the water district immediately after annexation and did not discover any fraud because the records were incomplete, that the records of the said water district were in the custody of a grand jury impaneled in Jefferson County, Texas, and that after the "matter" was brought to the attention of plaintiff by the grand jury, an investigation was immediately conducted, which revealed many of the heretofore referred to pleaded matters, and that after the investigation suit was filed by plaintiff.

Nowhere on the face of the petition does appellant allege when, if at any time, it discovered any fraud or wrongdoings on the part of the defendants Hannah, Paul, Bridges, Prejean and Boutte, directors of the said water district. Furthermore, plaintiff's first amended petition on its face fails to disclose what facts were revealed by the investigation that enabled plaintiff to discover the alleged fraud on the part of the Tillmans, on the 20th of March, 1962, that it did not have in its possession when the investigation began. On the face of said amended petition there is no date alleged as to when the investigation began, or what period of time the grand jury had the records in its possession.

Plaintiff's said amended petition on its face shows that statutory bonds were executed by the defendants Hannah, Paul, Bridges, Prejean and Boutte as directors of said water district with said above referred to American Casualty Company as surety. The said amended petition on its face shows that the bonds were conditioned on the faithful performance of the duties of their offices by said directors.

Plaintiff's said amended petition further charged that said directors did not faithfully perform their statutory duties as directors in the following manner:

1. Issued warrants for the payment of fees of office to themselves as directors.

2. Failed to keep or cause to be kept a true and full account of all meetings and proceedings and preserve their minutes, contracts, record notices, accounts, receipts and records of all kinds in a fireproof vault or safe.

3. Authorized the illegal payment of $6,683.73 and $37,870.00.

4. Authorized the illegal payment of $6,683.73 and $37,870.00 upon an agreement which failed to provide Water District No. 11 with any consideration for the payment.

5. Failed to procure a title opinion from their attorney regarding the interest of Jefferson County Water Control and Improvement District No. 5, Mack H. Hannah, Jr., and H. G. Tillman and D. D. Tillman, prior to the purchase of water lines and easements.

6. That the water system was purchased at an unreasonable and exorbitant purchase price.

Plaintiff's said amended petition also sought $5,000.00 damages from each of

said directors by reason of the alleged failure to faithfully perform their duties as directors of said water district.

Plaintiff's said amended petition also alleges that the alleged misrepresentations of the Tillmans concerning their ownership and interest in the water lines was done with the intent and did mislead the City of Port Arthur and induce it to annex the territory covered by said water district and to assume the bonds and obligations of said water district, and which area involved was annexed by the said city on Dec. 26, 1959.

The record shows that plaintiff's suit was filed on June 19, 1962. On the face of plaintiff's said amended petition it is shown that each of the alleged acts and alleged false representations were made and occurred prior to February 13, 1959. It thus clearly appears that plaintiff's suit was filed more than two years after the occurrence of the acts sued upon but less than four years after the occurrence of said acts.

We will first pass on appellant's contentions with respect to whether the four (4) year statute of limitation is applicable to any phase of this case.

■ With respect to plaintiff's alleged cause of action against the defendants Hannah, Paul, Bridges, Prejean and Boutte, for violation of their statutory duties as directors of the said water district and on their official statutory bonds, we think it is well settled law in this state that such a suit is governed by the two year statute of limitations and not the four year statute of limitations. The leading authorities upon this proposition are well stated in Bernardoni v. Holman, Tex.Civ.App., 177 S.W.2d 321, writ refused (1944). We quote in part from the opinion in the Bernardoni case as follows:

"Appellants' one proposition directly material to that issue is stated by them, as follows: 'When the County Judge signed his bond, and the sureties joined therein, their liability became contractual toward all wards under the jurisdiction of the Probate Court. Therefore, this is a suit to collect money on an instrument in writing, and appellants' cause of action comes under the Texas four years' statute of limitation.'

\* \* \* \* \* \*

"Upon consideration of the single question of law thus presented, aided by able briefs and oral arguments for both sides, this court concludes that appellants are mistaken in their view; that their relied-upon authorities do not sustain it, but that, on the contrary, the precise point raised has already been foreclosed against them by an unbroken line of holdings in Texas to the direct purport that, upon facts not in legal effect different from those appellants so here declared upon, the two-year and not the four-year statute applies, such authorities being these; 43 American Jurisprudence, Sec. 444, R.C. S. of Texas 1925, Art. 5526, Sub. 4; Aetna Casualty & Surety Co. v. State, Tex.Civ.App., 86 S.W.2d 826; Bexar County v. Maverick, Tex.Civ.App., 159 S.W.2d 140; Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249; Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213; Genzer v. Fillip, Tex.Civ. App., 134 S.W.2d 730, writ of error dismissed; McEwin v. Luker, Tex.Civ. App., 81 S.W.2d 137; Phillips v. Hail, Tex.Civ.App., 118 S.W. 190; Rose v. First State Bank, 122 Tex. 298, 59 S.W. 2d 810; Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, error refused; Tarrant County v. Prichard, Tex.Civ.App., 89 S.W.2d 1028.

" \* \* \* the several bonds filed by Judge Holman and his sureties, upon which this suit was based, were all ordinary statutory bonds, conditioned merely that the County Judge should faithfully discharge all duties required of him as such officer, according to law; that none of them contained within themselves a contract to do any one of the things for the non-performance of which appellants brought this action

thercon; * * *. The rule on this subject is thus stated in Section 444, of 43 American Jurisprudence, supra: 'Limitation of Actions, Generally.— There seems to be no dissent from the proposition that an action against a public officer and the sureties on his bond for breach of an official duty is not an action on the bond so as to be governed by the statute of limitations relating to actions for an indebtedness evidenced by or founded upon a contract in writing. The reason for this rule has been said to be that an official bond is merely a collateral security for performance of the officer's duty, and when suit is barred for breach of his duty, action is also barred on the bond.' "

Appellant's second point is overruled.

■ Plaintiff in its petition does not pray for cancellation or rescission of the quitclaim deed from the Tillmans to the water district, but prays for relief by way of a monetary judgment. Appellant's suit is not for rescission and cancellation but is a suit for damages seeking a monetary judgment. We also hold that appellant's suit insofar as it seeks recovery of a money judgment against appellees for alleged fraud is governed by the two year statute of limitations. See the following authorities: Jenkins et ux v. Kimbro et al, Tex.Civ.App., 380 S.W. 2d 189, (1964); Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757, (1940); Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40, (1909). Appellant's third point is overruled.

■ Generally fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it might have been discovered. However, knowledge of facts that would cause a reasonable prudent person to make inquiry, which if pursued would lead to a discovery of fraud, is in law equivalent to a knowledge of the fraud. See Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775, (1944).

■ When a defendant, by exception, urges the two year statute of limitation, (if plaintiff's petition does not already contain sufficient averments) it becomes necessary for the plaintiff to plead such facts as he depends upon to show that his cause of action should be considered for purposes of limitation as having accrued at a time within two years preceding the filing of the suit. In this connection see Powers v. Schubert, Tex.Civ.App., 220 S.W. 120, no writ, (1920) and authorities cited therein.

In Smith et al v. Southern Pine Lumber Company, Tex.Civ.App., 256 S.W.2d 893, no writ, (1953), it was held that the bar of limitation would not be avoided by the plaintiffs' naked allegation that fraud, only recently discovered by plaintiffs, had been practiced in procurement of a judgment, in the absence of any allegation that plaintiffs did not know facts which would have caused a reasonably prudent person to make an inquiry about the matter which, if pursued, would have led to discovery of the fraud. We quote from the court's opinion in said case in part as follows:

"There is nothing else in the appellants' defense to the stated effect that the original judgment had been procured against them by fraud, other than that they had, as recited, not known of it until the lapse of more than seven years thereafter. But as our Supreme Court recently held in Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775, that is not the whole of the rule appellants so rely upon, the balance of it being thus stated by our Supreme Court in Glenn v. Steele, 61 S.W.2d 810: '* * * Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is in law a knowledge of the fraud. * * *'

"As indicated, appellants made no attempt by their pleadings to meet this last-stated element of their defense of fraud they so relied upon; wherefore,

the trial court's judgment may not be set aside because of appellants' naked allegation that fraud had so been practiced upon them; whereas, they made no attempt to allege that they did not know facts which would have caused a reasonably prudent person to make an inquiry about the matter, which, if pursued, would have lead to a discovery of the fraud. Ruebeck v. Hunt, supra."

We also quote in part from McBurney v. Daughety, Tex.Civ.App., 19 S.W.2d 113, wr. dism., (1929) as follows:

"In Texas and most jurisdictions the statute runs from the time when the fraud is discovered, unless in the exercise of reasonable diligence it might have been sooner discovered. 37 C.J. 929, § 299b, and cases cited in note 1. The rule is also well settled in Texas that, where one seeks to avoid the bar of the statute on the ground of the exercise of reasonable diligence to discover fraud, he must allege the facts upon which he relies, so that the court may determine from the pleadings whether he is entitled to the relief sought, assuming such allegations to be true; or, as is held in Bremond v. Mc-Lean, 45 Tex. 19: 'The mere statements in the petition that plaintiff could not have discovered that the alleged representations of defendant were false and fraudulent, by the use of reasonable diligence, evidently will not relieve him from the bar of the statute. If the want of such knowledge will prevent the running of the statute, it is not sufficient for the plaintiff to assert merely the conclusion that he could not have discerned that the representations made him were false, by the use of reasonable diligence, but he must state the facts upon which he relies, that the court may see whether they justify and support such a conclusion.'

"See, also, Kuhlman v. Baker, 50 Tex. 636; Brown's Heirs v. Brown, 61 Tex. 49; Redd v. Brun (C.C.A.) 157 F. 192; Gordon v. Rhodes (Tex.Civ. App.) 117 S.W. 1025; East Texas Land & Improvement Co. v. Graham, 24 Tex.Civ.App. 521, 60 S.W. 476; Luter v. Hutchinson, 30 Tex.Civ.App. 511, 70 S.W. 1014; Ortiz v. De Benavides, 61 Tex. 60; Powell v. March (Tex.Civ.App.) 169 S.W. 938; Bass v. James, 83 Tex. 110, 18 S.W. 336."

The Supreme Court of Texas in 1962, in White v. Bond et al, Tex., 362 S.W.2d 295, stated in part as follows:

"The Court of Civil Appeals held on the principal point raised here that the testimony does not show as a matter of law that suits were filed more than two years after the discovery of the fraud or when, by the exercise of due diligence, they should have discovered it and that since White failed to request an issue on the limitation question it was therefore waived. It is our view, that both by their pleadings and evidence, it is shown conclusively that the respondents, Jinkins, Smith and Harris, more than two years prior to the institution of their suits, had knowledge of such facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud. Knowledge of such facts is in law knowledge of the fraud itself. Wise v. Anderson, Tex., 359 S.W.2d 876 (1962); Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263. Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810. Therefore, as to these respondents, the trial court should have instructed the jury against them.

"In their pleadings the respondents alleged 'that plaintiff did not discover the fraud alleged until on or about September 15, 1958, some five months prior to said date plaintiff became suspicious of defendant's action and began an investigation which was finally completed on or about said date'. Their suits were filed in August of 1960.

**144**

White pleaded the two-year statute of limitations.

"The respondents alleged that the misrepresentations that induced them to purchase the stock were made in July of 1955, *but nowhere in their pleadings did they assert that the falsity of those representations could not have been earlier ascertained by the use of reasonable diligence or state any facts that would justify and support such a conclusion.* Bremond v. Mc-Lean, 45 Tex. 10; Cohen v. Shwarts, Tex.Civ.App., 32 S.W. 820 (1895), no writ history; Logan v. Taylor, Tex. Civ.App., 118 S.W.2d 1094 (1938) no writ history.

＊　＊　＊　＊　＊　＊

"We therefore hold that the claims of respondents, Jinkins, Smith and Harris are barred by the two-year statute of limitations. Art. 5526, Vernon's Annotated Civil Statutes." (Emphasis added).

■ In the case at bar from the face of plaintiff's pleading it is shown that the acts and representations complained of occurred prior to Feb. 13, 1959. The plaintiff on the face of the petition had the records of the water district immediately after Dec. 26, 1959 and examined them. Nowhere on the face of plaintiff's said petition is it shown or alleged that the plaintiff could not have discovered its alleged cause of action from the records of the water district in its possession, if plaintiff had made diligent inquiry and investigation such as a reasonably prudent person would have made after finding what information it did find in the records, and found some of them incomplete. The plaintiff did not allege from the information it had, it could not by reasonable diligence have discovered its cause of action. After carefully considering and analyzing plaintiffs' said amended pleading it is our best judgment that such pleading does not contain sufficient averments to avoid the bar of the two year statute of limitations raised by defendants by their special exceptions in regard thereto. We hold the trial court correctly sustained defendants' said above referred to special exceptions to plaintiff's said pleading. Appellant's first point is overruled.

The trial court after properly sustaining the special exceptions above referred to gave leave to plaintiff to amend its pleadings, which plaintiff refused to do. Thereupon the trial court properly dismissed plaintiff's suit.

The judgment of the trial court is affirmed.