**HEMPHILL COUNTY, Texas, Appellant,**

v.

**Harry RATHJEN, Appellee.**

No. 3964.

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Rehearing Denied April 23, 1965.

J. D. Crow, County Atty., Canadian, for appellant.

Allen, Allen & Reavis, Jack M. Allen, Perryton, for appellee.

COLLINGS, Justice.

Hemphill County brought suit on May 19, 1964 against Harry Rathjen seeking to recover money alleged to have been wrongfully withheld by defendant when he terminated his position as tax assessor and collector for the county. The defendant pleaded the two year statute of limitation and filed a motion for summary judgment. The court sustained the defendant's plea of limitation and dismissed the suit. Hemphill County has appealed urging one point contending that the court erred in sustaining defendant's plea of limitation and in dismissing the suit.

The cause of action of Hemphill County as alleged in its petition was based upon the alleged wrongful withholding by appellee Rathjen of certain monies which came into his possession while he was sheriff and tax collector and assessor of Hemphill County from 1955 until July 3, 1961. Suit was not brought against appellee upon an instrument in writing, or upon his official bond. The sureties on his bond were not made parties to the suit. Therefore, neither Article 5527 nor Article 6003a Vernon's Ann.Tex. Civ.St. under which suit may be brought within four years after the accrual of a cause of action were applicable. Appellant's allegations were that appellee unlawfully issued car licenses to himself and his deputies without paying therefor and that the shortage in the license accounts had to be made up out of funds belonging to appellant; that appellee also collected and received other designated sums of money as fees for assessing and collecting taxes under contracts for two independent school districts and had unlawfully withheld payment of such sums to appellant; that when appellee's official capacity with the county terminated he unlawfully withheld said amounts which belonged to and should have been remitted to appellant, and it was for these claims which appellant sought judgment. Appellant did not allege or claim that any part of its cause of action was based upon a written instrument but sought to recover by reason of appellee's alleged

obligation to remit to the county funds in his possession which appellant alleged belonged to the county. This suit is therefore based upon an implied contract or obligation on the part of appellee to remit to the county certain monies in his possession and the two year statute of limitation applies. Article 5526 V.A.T.C.S. Jeff Davis County v. Davis, Tex.Civ.App., 192 S.W. 291; Settegast v. Harris County, Tex.Civ.App., 159 S.W.2d 543. Appellant concedes that its cause of action accrued as early as February 1, 1962. Limitation therefore ran on February 1, 1964 prior to the filing of this suit on May 19, 1964.

We are also of the opinion that there is no pleading or showing by appellant of any fraud or concealment on the part of appellee which would delay the running of the statute. City of Port Arthur v. Tillman, Tex.Civ.App., 382 S.W.2d 138. The court did not err in sustaining appellee's plea that appellant's claim is barred by the two year statute of limitation.

The judgment is affirmed.