**The CITY OF PORT ARTHUR, Petitioner,**

v.

**Harrell G. TILLMAN et al., Respondents.**

No. A–10444.

Supreme Court of Texas.

July 28, 1965.

Rehearing Denied Jan. 19, 1966.

Cary Young, City Atty., Port Arthur, George B. Wikoff, Asst. City Atty., for petitioner.

W. J. Durham, Dallas, for respondents Tillman & Tillman.

Johns & Willard, Mack H. Hannah, III, Beaumont, for respondents Paul, Bridges, Prejean and others.

HAMILTON, Justice.

Petitioner, City of Port Arthur, as successor and subrogee to the rights of Jefferson County Water Control and Improvement District No. 11, brought suit against respondents, Harrell G. Tillman and wife, D. D. Tillman, Mack Hannah, Jr., Hamilton Paul, Emily Bridges, Isaac Prejean and Frank Boutte. As an incorporated city in the state of Texas, petitioner alleged that it had annexed the above-mentioned water district on December 26, 1959, pursuant to Article 1182c–1, Vernon's Ann.Civ.Stats. It succeeded to the powers of the district as well as to its assets and liabilities and was charged with the duty of performing all of its functions and services. On March 20, 1962, petitioner allegedly discovered the fraud of the Tillmans practiced upon its predecessor, the water district, on February 13, 1959, some ten months earlier than the formal annexation by the city. The city, as subrogee, filed this action on June 19, 1962, also alleging that the respondents Hannah, Paul, Bridges, Prejean and Boutte, as directors of the Jefferson County Water Control District No. 11, had violated and breached various of their statutory duties as trustees and directors of said district and were liable in damages for such actions on their official bonds in the amount of $5,-000 each.

The respondents in reply to said pleading filed special exceptions urging the two-year statute of limitations, asserting that petitioner's pleadings upon their face showed that the City of Port Arthur's alleged cause of action against said respondents was barred by the two-year statute of limitations. The trial court after hearing sustained said respondents' special exception urging the two-year statute of limitations. The City of Port Arthur refused to amend, whereupon the trial court dismissed its suits against the respondents. The City of Port Arthur appealed to the Court of Civil Appeals, which affirmed the judgment of the trial court. 382 S.W.2d 138.

We hold that the trial court and the Court of Civil Appeals erred in sustaining respondents' special exceptions urging the two-year statute of limitations, Article 5526 (Title 91), Vernon's Ann.Civ.Stats., against the petitioner, the City of Port Arthur.

The two-year statute of limitations as to the incorporated City of Port Arthur is not applicable in this case because of Article 5517, Vernon's Ann.Civ.Stats., which is as follows:

*"The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title,* nor shall any person ever acquire, by occupancy or

adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State." (Emphasis added.) See Article 5517, Vernon's Ann.Tex.Stats.

In the case of Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961), we wrote the following:

"The Title referred to in said Article 5517 is Title 91 relating to Limitations. The Authority argues that the Legislature meant to refer to Chapter 1 of Title 91 which contains only the limitation articles relating to suits for land. This brings to mind the maxim that 'If Parliament does not mean what it says, it must say so.' 3 Newton v. Barnes, Tex.Civ.App., 150 S.W.2d 72, wr. ref. If we were to approach the problem from the standpoint of the wisdom of the Legislature enactment, we could perhaps conclude that the Legislature may have had real property limitations only in mind. But this is an approach which may not be employed by the courts. We may not invade the legislative field. 50 Am.Jur., 212, § 228. There is nothing ambiguous or uncertain about the literal meaning of the Act and hence no need to explore its legislative history. The Act simply states that, 'The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title, * * *.' Article 5526 is a part of the Title of the Revised Statutes referred to 'The rule permitting departure from the literal meaning has no application at all where the statute is unambiguous and embodies a definite meaning and the intention of the legislature as expressed in the law is rea-

sonably free from doubt.' 50 Am.Jur. 239, Statutes, § 241. The amended act has remained on the statute books unchanged in wording since 1953, and we are not at liberty to depart from the literal meaning of the article at this time."

As applied to this action, since the two-year statute of limitations falls within Title 91, petitioner is not barred from bringing this suit against any of the respondents on petitioner's various theories as set out above. When the petitioner formally annexed the water district and became subrogated to its rights, only some ten months of the limitation period had run against the water district. Article 5517 applied to the petitioner at that time and the two-year statute of limitations does not apply.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the trial court for trial.

## ON MOTION FOR REHEARING

On motion for rehearing respondents have raised the point that even if Article 5517, Vernon's Annotated Civil Statutes, does prevent the two-year statute of limitation, Article 5526, Vernon's Annotated Civil Statutes, from barring petitioner's alleged cause of action, that Article 5544 will bar the city's cause of action. Article 5544 is as follows:

"The period of limitation shall not be extended by the connection of one disability with another; and, when the law of limitation shall begin to run, it shall continue to run, notwithstanding any supervening disability of the party entitled to sue or liable to be sued."

The trouble with respondents' argument is that Article 5544 is a part of Title 91, just as is Article 5526, and 5517 keeps it from applying to incorporated cities. As quoted in our original opinion, "The right * * * of incorporated cities * * * shall not be barred by *any* of the provi-

sions of this Title, * * *." [Emphasis ours.]

 Respondents make the further point that the City of Port Arthur was taking over said Water District No. 11 for the purpose of engaging in a proprietary enterprise and that Article 5517 should not be construed to immunize the city from the statutes of limitation in such a situation. They say that to do so would cause the statute to conflict with the equal protection of the law provisions of the Texas and United States Constitutions. They argue that the statute, as we have construed it, exempting cities from the effect of the limitation statutes in Title 91 is an unreasonable classification and is unconstitutional. They cite us to no cases so holding and we have not found any. We have concluded that the classification is not unreasonable.

We overrule respondents' motion for rehearing.