Noel Allen McLendon, Jr. v. Texas Department of Public Safety















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-367-CV

     NOEL ALLEN McLENDON, JR.,
                                                                              Appellant
     v.

     TEXAS DEPARTMENT OF PUBLIC SAFETY,
                                                                              Appellee
 

From the County Court at Law No. 2
 Tarrant County, Texas
Trial Court # 97-71329-2 
                                                                                                                

DISSENTING OPINION
                                                                                                                
 
      When a statute is clear and unambiguous, courts need not resort to rules of construction or
extrinsic aids to construe it, but should give the statute its common meaning. 
Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 133 (Tex. 1994). The Supreme
Court tells us:
It is a well-established principle of Texas law that when a statute is clear and unambiguous,
and reasonably admits of only one construction, the courts will take the legislative intent from
the words of the statute and apply that intent as written. Cail v. Service Motors, Inc., 660
S.W.2d 814, 815 (Tex. 1983); Ex parte Roloff, 510 S.W.2d 913, 915 (Tex. 1974). When
the statute's meaning is plain, this court will not explore its legislative history to contradict
its express terms. Railroad Commission v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); City
of Port Arthur v. Tillman, 398 S.W.2d 750, 752 (Tex. 1965). 
Stauffer v. Henderson, 801 S.W.2d 858, 868 (Tex. 1990).
      The language of the concealed handgun licensing statute is clear and unambiguous, in part
because the term “convicted” is defined. The statute says:
In this subchapter:
. . . 
(4) "Convicted" means an adjudication of guilt or an order of deferred adjudication
entered against a person by a court of competent jurisdiction whether or not:
(A) the imposition of the sentence is subsequently probated and the person is
discharged from community supervision; or
(B) the person is pardoned for the offense, unless the pardon is expressly granted for
subsequent proof of innocence.
Tex. Gov’t Code Ann. § 411.171 (Vernon 1998) (emphasis added). Thus, a person has been
“convicted” for purposes of the licensing statute if he has been adjudicated guilty, even though
he is placed on community supervision and later discharged.
      The statute also provides:
(a) A person is eligible for a license to carry a concealed handgun if the person:
. . . 
(3) has not been convicted of a felony; . . . .
       
Id. § 411.172 (Vernon 1998) (emphasis added). Thus, to be eligible for a license, a person must
not have been adjudicated guilty of a felony, even though he was placed on community supervision
and later discharged.
      McLendon was adjudicated guilty of the offense of felony theft on October 6, 1969, and was
placed on probation for five years. When he was discharged from probation in 1974, he was
granted a new trial and the cause was dismissed. McLendon is ineligible for a concealed handgun
license. In my view it simply does not matter whether the finding of guilt was set aside or whether
a new trial was granted.
      The majority seems to believe that the word “convicted” must have the same meaning
throughout all statutes passed by the legislature. Because it ignores the plain meaning of the
concealed handgun licensing statute, as adopted, in favor of a strained construction, I dissent.
 
 
                                                                   BILL VANCE
                                                                   Justice

Opinion delivered and filed December 31, 1998
Publish



le act either before or
during the burglary. Thus, the evidence was insufficient to convict him as a party. 
          Evidence will support a conviction when, viewing it in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). Point one is
sustained because the jury could not have found the elements of the offense of burglary of a
habitation from the evidence beyond a reasonable doubt. 
          The remaining points are not reached. The judgment is reversed and an acquittal ordered
because of the insufficiency of the evidence. See Tex. R. App. P. 81(c).
 

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Hall (Retired) and 
          Justice James (Retired)
Reversed and an acquittal ordered
Opinion delivered February 14, 1991
Do not publish