Reversed and Rendered and Opinion filed August 26, 2004









Reversed
and Rendered and Opinion filed August 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01049-CV

_______________

 

G.W. TWILLIGEAR, JR., FORMER COUNTY JUDGE OF

REAL COUNTY, TEXAS AND W.B. SANSOM, CURRENT

JUDGE OF REAL COUNTY, TEXAS, INDIVIDUALLY

AND IN THEIR OFFICIAL CAPACITIES, Appellants

 

V.

 

JOYCE COLE CARRELL, INDIVIDUALLY AND AS

DEPENDENT ADMINISTRATRIX OF THE ESTATE

OF PEARL MATSON HEAD, DECEASED, Appellee

___________________________________________________________________

 

On Appeal from the Probate Court

Galveston County, Texas

Trial Court Cause No. 65,344‑A

___________________________________________________________________

 

O P I N I O N

 








G.W. Twilligear, Jr., and W.B.
Sansom, the former and current County Judges of Real County, Texas,
respectively, (collectively, the Ajudges@) appeal the trial court=s denial of their motions for summary
judgment[1]
on the grounds that the doctrines of judicial and sovereign immunity protect
them from liability under section 671(d) of the Texas Probate Code beyond the
amounts of their official bonds.[2]  We reverse and render judgment in favor of
the judges.

Background








Joyce Cole Carrell, individually[3]
and as Dependent Administratrix of the Estate of Pearl Matson Head, Deceased,
filed suit against the judges in both their official[4]
and individual capacities for negligence and gross negligence in failing to
adequately oversee expenditures from a guardianship account so as to require a
sufficient bond for a guardian ad litem.[5]  As relevant to this appeal, the judges filed
motions for summary judgment claiming judicial and qualified immunity,[6]
which the trial court denied.

Standard
of Review

A traditional summary judgment Ashall be rendered forthwith@ if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment ruling, we
take all evidence favorable to the nonmovant as true and resolve every doubt,
and indulge every reasonable inference, in the nonmovant=s favor.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003).

Judicial
Immunity

Judges acting in their official
judicial capacity have immunity from liability and suit[7]
for judicial acts performed within the scope of their jurisdiction.  See Dallas County v. Halsey, 87 S.W.3d
552, 554 (Tex. 2002).[8]  This immunity extends to actions that are
done in error, maliciously, and even in excess of the judge=s authority.  See Stump v. Sparkman, 435 U.S. 349,
356-57 (1978).  It is overcome only for
actions that are: (1) nonjudicial, i.e., not taken in the judge=s official capacity; or (2) taken in
the complete absence of all jurisdiction. 
Mireles v. Waco, 502 U.S. 9, 11-12 (1991).








Whether an act is judicial (or
nonjudicial) for this purpose is determined by the nature of the act, i.e.,
whether it is a function normally performed by a judge,[9]
as contrasted from other administrative, legislative, or executive acts that
simply happen to be done by judges.  Forrester
v. White, 484 U.S. 219, 227 (1988). 
Judicial acts include those performed by judges in adjudicating, or
otherwise exercising their judicial authority over, proceedings pending in
their courts.[10]  Conversely, nonjudicial acts include other
tasks, even though essential to the functioning of courts and required by law
to be performed by a judge, such as: (1) selecting jurors for a county=s courts; (2) promulgating and
enforcing a code of conduct for attorneys; and (3) making personnel decisions
regarding court employees and officers.  See
id. at 228-31.








In this case, because the actions
required of probate judges under section 671 are directly related to conducting
the guardianship proceedings pending in their courts, they are both judicial
acts and within the jurisdiction of the probate judges by whom they are
required; and are, thus, protected by judicial immunity.[11]   Accordingly, the judges= first issue is sustained, and we
need not reach their other grounds for challenging the denial of their motions
for summary judgment.  The judgment of
the trial court is reversed, and judgment is rendered that the judges have no
liability for failing to perform their duties under section 671 beyond whatever
liability can be found, if any, on their bonds, as expressly provided in that
section.[12]

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Opinion filed
August 26, 2004.

Panel consists of Justices Edelman,
Frost, and Seymore.

 

 











[1]           See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(5), (8) (Vernon Supp. 2004) (allowing
interlocutory appeals of orders denying motions for summary judgment based on
an assertion of immunity by an officer or employee of the state or a political
subdivision).





[2]           There
is thus no issue before us in this appeal as to the judges= alleged liability on their official bonds
under section 671, but only as to their alleged liability above the
amounts of those bonds.





[3]           It is
not apparent from our record what standing Carrell has to sue individually.





[4]           The
county judge of each county is the presiding officer of the county=s (constitutional) county court.  Tex.
Const. art. V, ' 16; see id. '
15.  In counties that have no statutory
probate court, the (constitutional) county court has probate jurisdiction,
concurrent with the statutory county court(s), if any.  See Tex.
Prob. Code Ann. ' 4 (Vernon 2003); Tex.
Gov=t Code Ann. ' 25.0003(d), (e) (Vernon 2004).





[5]           Section
671 of the Texas Probate Code provides:

(a)        The
court shall use reasonable diligence to determine whether a guardian is
performing all of the duties required of the guardian that pertain to the
guardian=s ward.

(b)        The
judge, at least annually, shall examine . . . the solvency of the bonds of the
guardians of the estates.

(c)        If
after examining the solvency of a guardian=s bond under this section a judge
determines that the guardian=s bond is not sufficient to protect the ward or the ward=s estate, the judge shall require the
guardian to execute a new bond.

(d)        The
judge shall notify the guardian and the sureties on the bond as provided by
law.  If damage or loss results to a
guardianship or ward because of gross neglect of the judge to use reasonable
diligence in the performance of the judge=s duty under this section, the judge
shall be liable on the judge=s bond to those damaged by the judge=s neglect.

Tex. Prob. Code Ann. ' 671(a)-(d) (Vernon 2003).





[6]           Real
County also filed a motion for summary judgment and a plea to the jurisdiction
based on immunity, claiming that it was entitled to appear as the real party in
interest in a suit against the County Judge in his official capacity and to
thereby defend its interest in the litigation. 
On appeal, the County also seeks a determination of its right to so
appear in the lawsuit.  However, we do
not address that issue because: (1) the record is unclear as to whether, or on
what grounds, the trial court ruled on it; (2) it is inadequately briefed on
appeal; and (3) it is unnecessary to our disposition of the appeal.





[7]           Mireles
v. Waco, 502 U.S. 9, 11 (1991).





[8]           However,
judicial immunity is not a bar to prospective injunctive relief against
a judicial officer acting in a judicial capacity or to attorney=s fees for obtaining such relief.  Pulliam v. Allen, 466 U.S. 522, 542-44
(1984).





[9]           Mireles,
502 U.S. at 12.





[10]          Mireles,
502 U.S. at 13 (holding that ordering police officers to use excessive force in
bringing a lawyer into court was a judicial act); Forrester, 484 U.S. at
227 (AWhen applied to . . . acts involved in resolving
disputes between parties who have invoked the jurisdiction of a court, the
doctrine of absolute judicial immunity has not been particularly controversial.@).





[11]          To
support her position that the duties imposed by section 671 are not judicial
acts, Carrell cites Heyn v. Mass. Bonding & Ins. Co., 110 S.W.2d
261, 264-66 (Tex. Civ. App.CDallas 1937, writ dism=d
w.o.j.).  However we find no guidance in
that opinion because: (1) the issue of a nonjudicial duty was addressed only in
the context of a constitutional separation of powers challenge, and no issue of
judicial immunity was involved; and (2) the lawsuit was against only the surety
on the judge=s official bonds and solely for recovery on those
bonds.  Id. at 262, 264-66.  Carrell also cites Bernardoni and
Pritchard as establishing that a judge=s
liability under section 671 exceeds the amount of his bond.  See Bernardoni v. Holman, 177 S.W.2d
321, 322 (Tex. Civ. App.CGalveston 1944, writ ref=d); Tarrant
County v. Pritchard, 89 S.W.2d 1028, 1028 (Tex. Civ. App.CFort Worth 1935, writ dism=d).  However, no
such conclusion logically follows from the holdings of those cases, as Carrell
contends, that actions against a judge for breach of official duties are
governed by the two-year statute of limitations pertaining to negligence and
breach of statutory duty, rather than the four-year period applicable to a suit
on a written instrument, such as a bond. 
See Bernardoni, 177 S.W.2d at 322; Pritchard, 89 S.W.2d at
1028.  Nor is Carrell=s position supported by the imposition of personal
liability against the county judge in Pritchard, whose liability was for
not remitting to the County enough of the delinquent fees he had
collected.  See Pritchard, 89
S.W.2d at 1029.  No issue of judicial
immunity was addressed in that opinion, nor would any have presumably applied
as the act of accounting for and remitting fees to the County was nonjudicial.





[12]          We also
deny Carrell=s motion to strike portions of the judges= reply brief because the assertions in that brief were
not material to our disposition of the appeal.